MEMORANDUM **
Maung Than Htike Aung petitions for review of the denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). To the extent we have jurisdiction, it is under 8 U.S.C. § 1252, and we deny the petition.
We do not have jurisdiction to review the Immigration Judge’s (“IJ”) determination that Aung’s untimely asylum application is not excused by extraordinary circumstances. This court has jurisdiction to review an agency’s determination of extraordinary circumstances as to questions of law and constitutional claims. Husyev v. Mukasey, 528 F.3d 1172, 1178 (9th Cir.2008). Questions of law include mixed questions of law and fact such as those which involve “the application of statutes and regulations to undisputed facts.” Id. However, here whether Aung had a mental impairment that prevented him from filing his application was a disputed fact. Thus, we do not have jurisdiction to review the determination.[1]
Although we are precluded from reviewing the denial of Aung’s asylum application, that bar does not extend to his requests for withholding of removal or CAT protection. We conclude, however, that because the IJ’s adverse credibility determination is supported by substantial evidence, Aung did not meet his burden of establishing his eligibility for these forms of relief. See Li v. Ashcroft, 378 F.3d 959, 964 (9th Cir.2004) (reviewing an adverse credibility determination for substantial evidence). There was an inconsistency in Aung’s testimony regarding the date he joined the National League for Democracy (“NLD”) and there was an inconsistency as to whether Aung participated in NLD political activities during his foreign business travels. Because Aung claimed persecution based on his political beliefs, these inconsistencies go to the heart of his claim. See id. (holding when one identified ground for an adverse credibility determination is supported by substantial evidence and goes to the heart of petitioner’s claim of persecution, the court is bound to accept the IJ’s adverse credibility determination).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We do not agree with Aung that the IJ failed to make a determination on this issue.