Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:05 AM CST

In re Estate of Madeline A.
Adelung, deceased.
Lynda Adelung Heiden, Personal Representative
of the Estate of Madeline A. Adelung,
deceased, appellant and cross-appellee,
v. Kent A. Adelung, appellee and
cross-appellant.

___ N.W.2d ___

Filed October 14, 2022.    No. S-21-838.

1. **Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law.
2. **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
3. **Actions: Appeal and Error.** The law-of-the-case doctrine reflects the principle that an issue litigated and decided in one stage of a case should not be relitigated at a later stage.
4. **Appeal and Error.** Under the law-of-the-case doctrine, an appellate court's holdings on issues presented to it conclusively settle all matters ruled upon, either expressly or by necessary implication.
5. **Judgments: Appeal and Error.** The law-of-the-case doctrine applies with greatest force when an appellate court remands a case to an inferior tribunal. Upon remand, a district court may not render a judgment or take action apart from that which the appellate court's mandate directs or permits.
6. **Judgments: Waiver: Appeal and Error.** Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision. But an issue is not considered waived if a party did not have both an opportunity and an incentive to raise it in a previous appeal.

Appeal from the County Court for Buffalo County: Gerald R. Jorgensen, Jr., Judge. Affirmed.

Blake E. Johnson, of Bruning Law Group, for appellant.

Jared J. Krejci, of Smith, Johnson, Allen, Connick & Hansen, for appellee.

Heavican, C.J., Cassel, Stacy, Papik, and Freudenberg, JJ., and Noakes, District Judge.

Heavican, C.J.

## INTRODUCTION

This case comes to us following our remand to the county court for a redetermination of damages owed by the defendant. At issue is whether the county court erred when it declined to award prejudgment interest to the estate. The estate appeals. We affirm.

## BACKGROUND

This is the second time this court has been presented with an appeal from the estate of Madeline A. Adelung (Estate).[1] In our earlier case, Adelung's son, Kent A. Adelung, appealed from the decision of the county court finding him liable following an action for an equitable accounting sought by the Estate's personal representative, Lynda Adelung Heinen, Madeline's daughter.

On appeal, we concluded that the Estate was barred by the statute of limitations from recovering a portion of the farm income it alleged that Kent had wrongfully collected. We affirmed, as modified, the county court's judgment and remanded the cause to the county court with directions for the court to calculate the judgment in conformity with our opinion.

Upon remand, the Estate sought prejudgment interest. The county court noted that it had not previously ordered

---

[1] See *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020).

prejudgment interest, that this court's opinion had made no mention of prejudgment interest, and that to award it would "not [be] proper." The Estate appeals, and Kent cross-appeals.

## ASSIGNMENTS OF ERROR

The Estate assigns that the county court erred in not applying prejudgment interest under Neb. Rev. Stat. § 45-104 (Reissue 2021) to the amount of the modified judgment.

On cross-appeal, Kent assigns that the county court erred in not concluding that the Estate failed to adequately plead or otherwise raise the issue of prejudgment interest and, as such, did not have a substantive right to recover such interest.

## STANDARD OF REVIEW

[1,2] The construction of a mandate issued by an appellate court presents a question of law.[2] On questions of law, we are obligated to reach a conclusion independent of the determination reached by the court below.[3]

## ANALYSIS

This case examines the intersection of the awarding of prejudgment interest and the law-of-the-case doctrine. Some background on both principles is helpful.

Statutory authority for the awarding of prejudgment interest is separately found in Neb. Rev. Stat. § 45-103.02 (Reissue 2021) and § 45-104. We clarified in *Weyh v. Gottsch*[4] that §§ 45-103.02 and 45-104 are

> alternate and independent statutes authorizing the recovery of prejudgment interest. In other words, the Legislature has created three separate ways to recover prejudgment interest, and none is preferred. Section 45-103.02(1) authorizes the recovery of prejudgment interest on unliquidated claims when the statutory preconditions are met,

[2] *County of Sarpy v. City of Gretna*, 276 Neb. 520, 755 N.W.2d 376 (2008).

[3] *Id.*

[4] *Weyh v. Gottsch*, 303 Neb. 280, 313-14, 929 N.W.2d 40, 63 (2019).

§ 45-103.02(2) authorizes the recovery of prejudgment interest on liquidated claims, and § 45-104 authorizes the recovery of prejudgment interest on four categories of contract-based claims without regard to whether the claim is liquidated or unliquidated.

[3-5] As noted, the law-of-the-case doctrine is also implicated here. This doctrine reflects the principle that an issue litigated and decided in one stage of a case should not be relitigated at a later stage.[5] Under that doctrine, an appellate court's holdings on issues presented to it conclusively settle all matters ruled upon, either expressly or by necessary implication.[6] The doctrine applies with greatest force when an appellate court remands a case to an inferior tribunal.[7] Upon remand, a district court may not render a judgment or take action apart from that which the appellate court's mandate directs or permits.[8]

[6] Under the mandate branch of the law-of-the-case doctrine, a decision made at a previous stage of litigation, which could have been challenged in the ensuing appeal but was not, becomes the law of the case; the parties are deemed to have waived the right to challenge that decision.[9] But an issue is not considered waived if a party did not have both an opportunity and an incentive to raise it in a previous appeal.[10]

The Nebraska Court of Appeals discussed the intersection of prejudgment interest and the mandate branch of the law-of-the-case doctrine in *Valley Cty. Sch. Dist. 88-0005 v. Ericson State Bank*.[11] In that case, a bank (found liable below) appealed from, among other things, the district court's award of

---

[5] *deNourie & Yost Homes v. Frost*, 295 Neb. 912, 893 N.W.2d 669 (2017).

[6] *Id.*

[7] *Id.*

[8] *Id*.

[9] *Id*.

[10] *Id.*

[11] *Valley Cty. Sch. Dist. 88-0005 v. Ericson State Bank*, 18 Neb. App. 624, 790 N.W.2d 462 (2010).

prejudgment interest at a rate of 12 percent per annum. The Court of Appeals affirmed. On remand, the district court entered an order in conformity with the Court of Appeals' opinion and awarded postjudgment interest at the same rate. The bank again appealed.[12]

In defending the district court's award, the appellee contended that the law-of-the-case doctrine operated to prevent the bank from challenging the 12-percent rate applied to the postjudgment amount. The Court of Appeals disagreed:

In *Valley Cty. I . . .* , we specifically stated that § 45-104 applied "[b]ecause there was no 'otherwise agreed' upon rate for prejudgment interest" and that [the appellee] was entitled to the 12–percent prejudgment interest until the entry of judgment. Neither the district court's judgment nor our opinion stated that the 12–percent interest rate would continue to be applied after entry of judgment; thus, the [b]ank did not have a reason to raise the issue of the appropriate postjudgment interest rate at that time. Had the district court's initial judgment expressly stated a postjudgment interest rate, [the appellee's] argument would have had merit. But because the judgment was silent on the matter of postjudgment interest, we reject [the appellee's] argument that the matter should have been raised in the prior appeal.[13]

Also relevant to our determination is Neb. Ct. R. Pldg. § 6-1108(a), which states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a caption, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. If the recovery of money

---

[12] See *id.*

[13] *Id.*, 18 Neb. App. at 628-29, 790 N.W.2d at 466.

be demanded, the amount of special damages shall be stated but the amount of general damages shall not be stated; *and if interest thereon be claimed, the time from which interest is to be computed shall also be stated*.

(Emphasis supplied.)

In *Albrecht v. Fettig*,[14] the Court of Appeals discussed whether the failure to request interest in a complaint precluded a litigant from recovering interest,[15] noting that the purpose of compliance with § 6-1108 was to provide notice of the relief that the plaintiff was attempting to obtain.[16] In *AVG Partners I*, this court expanded the *Albrecht* holding to note that "compliance with § 6-1108(a) is not determinative where entitlement to interest is based on statute and the adverse party had notice and an opportunity to be heard prior to judgment."[17] Based on this, we concluded that although prejudgment interest was not requested in the complaint, it was "the subject of extensive argument prior to judgment"[18] and thus was recoverable.

The county court and the parties frame the issue presented by this appeal primarily as one involving the law-of-the-case doctrine. The parties ask us to determine whether the fact that this court's mandate failed to order prejudgment interest means that to do so would be outside of that prior mandate.

Generally speaking, a lower court may do nothing other than what a higher court has ordered it to do via the higher court's mandate. And in this case, we ordered the lower court to redetermine the damages award once we concluded that the statute of limitations operated to prevent the Estate from recovering some of the farm income that had been awarded to it by the county court. This did not include interest.

---

[14] *Albrecht v. Fettig*, 27 Neb. App. 371, 932 N.W.2d 331 (2019).

[15] See *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020) (quoting *Albrecht, supra* note 14).

[16] *Id.*

[17] *Id.*, 307 Neb. at 64, 948 N.W.2d at 230.

[18] *Id.*

As noted above, there are some instances where issues outside of the mandate may be raised on remand—namely, if there was no opportunity or incentive to appeal from the issue now raised. But we need not decide here whether the Estate should have appealed from the county court's failure to award interest below. Rather, we find dispositive the Estate's failure to seek interest in its pleading or otherwise raise the issue of interest prior to judgment.

The purpose behind compliance with § 6-1108 of the pleading rules is to provide notice to other litigants that prejudgment interest is at issue. If there was notice, the failure to comply with § 6-1108 might be excusable. But here, there was no compliance with § 6-1108, nor was there notice to Kent on the issue of prejudgment interest prior to the entry of judgment in the Estate's favor. On these facts, we find no error in the district court's refusal to award interest on remand. Finding no merit to the Estate's assignment of error, albeit for a different reason than that stated by the county court, we affirm. We need not reach Kent's assignment of error on cross-appeal.

## CONCLUSION

The decision of the county court is affirmed.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.
FUNKE, J., not participating.