Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/10/2023 09:06 AM CST

State of Nebraska, appellee, v.
Brent L. Nelson, appellant.

___ N.W.2d ___

Filed February 10, 2023.    No. S-22-082.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes.** Statutory interpretation is a question of law.

3. \_\_\_\_. The application of a statute to undisputed facts is a question of law.

4. **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

5. **Speedy Trial: Statutes.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

6. **Speedy Trial.** To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried.

7. **Speedy Trial: Proof.** The State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

8. **Speedy Trial: Pretrial Procedure.** As a matter of law, Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) dictates the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the reason for the delay of its disposition.

9. **Speedy Trial: Appeal and Error.** Factual determinations pertaining to the exceptions listed in Neb. Rev. Stat. § 29-1207(4)(a) through (f)

(Reissue 2016) must be supported by specific findings, which appellate courts review for clear error.

10. **Speedy Trial.** The proper interpretation of Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) and its application to the undisputed historical facts of a case are questions of law.

11. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

12. **Speedy Trial: Pretrial Procedure.** The plain terms of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition.

13. ____: ____. The period excludable under Neb. Rev. Stat. § 29-2017(4)(a) (Reissue 2016) for a defendant's pretrial motion commences on the day immediately after the filing of a defendant's pretrial motion and ends at final disposition, which occurs on the date the motion is granted or denied.

14. **Speedy Trial: Legislature: Intent: Words and Phrases.** If the Legislature had intended to limit the scope of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), it would have inserted limiting phrases such as "reasonable period of delay" in § 29-1207(4)(e) and "good cause" in § 29-1207(4)(f).

15. **Speedy Trial: Pretrial Procedure.** There is no exception to the mandate of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) for delays in hearing a defendant's pretrial motions due to continuances granted to the State.

16. **Speedy Trial.** The power of the trial court to rule on a motion for discharge is not bound in any way by its prior interlocutory rulings.

17. **Judgments: Final Orders.** A court's judgment is not final until no further action of the court is required to dispose of the cause pending, and when the cause is retained for further action, it is interlocutory and nonappealable.

18. **Judgments: Judges.** The proposition that a successor judge should respect a decision made by a predecessor judge on the same case is a matter of policy rather than a limit on the successor judge's power.

19. **Judgments: Judges: Pretrial Procedure.** The important consideration when dealing with a trial court ruling that conflicts with an earlier interlocutory ruling by a judge in the same case is that the ultimate ruling be legally correct.

20. **Judgments: Final Orders.** A trial court is not precluded from changing its interlocutory rulings so as to arrive at the correct legal outcome in a later ruling or final judgment.

21. **Speedy Trial: Appeal and Error.** Specific findings of those facts necessary to facilitate appellate review of the trial court's ultimate speedy trial calculation for a motion to discharge are required, and findings of fact concerning irrelevant interlocutory rulings do not facilitate such review.

22. **Speedy Trial: Time: Appeal and Error.** A trial court must make specific findings of fact in order to facilitate appellate review of all determinations of excludable periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016), including the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

23. **Speedy Trial: Judgments: Appeal and Error.** A trial court must make specific findings of the excludable periods under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) because a trial court's determination of whether charges should be dismissed on speedy trial grounds is a factual question, and an appellate court cannot review whether the trial court's determination was erroneous without specific findings of fact.

Appeal from the District Court for Adams County: Terri S. Harder, Judge. Affirmed.

T. Charles James, of Langvardt, Valle & James, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## INTRODUCTION

In a criminal case, the district court denied the defendant's motion for absolute discharge upon determining that a 42-day continuance granted at the request of the State was excluded from the speedy trial calculation under Neb. Rev. Stat. § 29-1207 (Reissue 2016). The defendant argues that the district court was bound by its prior oral ruling that the

speedy trial clock would run during the State's continuance, unless it considered and specifically addressed the prior order in its order denying the motion for discharge. We affirm.

## BACKGROUND

The State filed a criminal complaint against Brent L. Nelson in the county court for Adams County, charging him with his fourth offense of driving while under the influence of alcohol. A preliminary hearing was held, and the matter was bound over to the district court. On December 23, 2020, the State filed an information against Nelson, charging him with the same offense. The district court scheduled a jury trial to begin on March 22, 2021.

On March 9, 2021, Nelson moved to suppress evidence law enforcement obtained during the traffic stop, which had led to Nelson's arrest. The district court scheduled a hearing on the motion to suppress for April 15.

On April 15, 2021, the State filed a motion to continue the hearing on the motion to suppress. In support of its motion, the State asserted that it had requested the preparation of a transcript of the preliminary hearing held in the county court. However, the State was informed on April 12 that the preliminary hearing transcript had mistakenly been delivered to Nelson's counsel. The State needed to prepare a second transcript for itself because Nelson's counsel refused to return the original transcript. The State claimed it required the transcript of police officer Cale Neelly's testimony at the preliminary hearing to prepare for Neelly's testimony at the suppression hearing.

The district court held a hearing on the State's motion to continue. No evidence was presented at the hearing. The court granted the State's motion but concluded: "Speedy trial will start running as of today, 4/15/21, until May 27, '21. Then that's the date of the hearing. Speedy trial will then stop running on that date until the Court issues an Order on that Motion to Suppress." The court then asked the prosecutor to

journalize the hearing. The journal entry, entered on April 21, 2021, did not reflect the court's statements about speedy trial.

At the suppression hearing, held on May 27, 2021, the State called Neelly to testify. The State did not explicitly reference Neelly's preliminary hearing testimony, but Nelson's counsel referred to the transcript during the hearing.

The district court overruled Nelson's motion to suppress in a written order on September 2, 2021. The court scheduled a jury trial, without seeking input from the parties, for November 8. On November 8, Nelson filed a motion for absolute discharge on the ground that he had been denied his right to a speedy trial. The district court held a hearing on Nelson's motion for discharge before a new judge.

The parties stipulated that the original judge had counted the April 15 to May 27, 2021, continuance against the State for the speedy trial calculation. The court then received into evidence certified copies of the complete record and the preliminary hearing testimony. The State also offered an affidavit sworn by the prosecutor. The court reserved ruling on Nelson's objection to the affidavit. The affidavit stated the State's grounds for good cause for the continuance, namely that it could not prepare for the April 15 hearing despite reasonable diligence because of the county court's mistaken delivery of the preliminary hearing transcript to defense counsel. Paragraph 17 of the prosecutor's affidavit admitted that the district court, at the time of the original hearing on the relevant motion to continue, "found that the State had not presented evidence to establish good cause for said continuance, and therefore the period of delay from April 15, 2021 to May 27, 2021 would be included in speedy trial calculations."

Without objection, the State called the clerk magistrate to testify at the motion to discharge hearing. His testimony was consistent with the State's claims that it had requested a copy of the preliminary hearing transcript over a month before the April 15, 2021, hearing; that the county court had mistakenly delivered the copy to defense counsel instead of to the

State; and that the State did not receive a copy of the transcript until April 20.

In a January 31, 2022, order, the district court received the prosecutor's affidavit into evidence and denied Nelson's motion for discharge. In doing so, the court found that the hearing on the motion to discharge was the proper time to receive evidence regarding whether time should be excluded from the speedy trial calculations. The court ruled that the State had met its burden to show that the 42-day continuance period should be excluded from the speedy trial calculation under § 29-1207(4)(c)(i) because the State exercised due diligence to obtain the transcript but could not due to circumstances beyond its control. It also found the 42 days associated with the continuance excluded as an exceptional circumstance pursuant to § 29-1207(4)(c)(ii). The court concluded that the continuance period was also excludable under § 29-1207(4)(f) based upon the same reasoning. The court adopted the State's speedy trial calculation, found that the State had until March 10 to bring Nelson to trial, and scheduled trial for February 22.

Nelson appeals.

## ASSIGNMENTS OF ERROR

Nelson assigns that the district court erred by (1) failing to consider and make specific findings on the record addressing the court's previous ruling on speedy trial, (2) allowing the State to present evidence regarding its motion for continuance in light of the parties' stipulation concerning the court's previous ruling, (3) receiving the prosecutor's affidavit and the preliminary hearing transcript over Nelson's objections, (4) setting a trial date outside the speedy trial time without Nelson's consent, and (5) adopting the State's speedy trial calculation and excluding the 42-day continuance period.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a

factual question which will be affirmed on appeal unless clearly erroneous.[1]

[2] Statutory interpretation is a question of law.[2]

[3] The application of a statute to undisputed facts is a question of law.[3]

[4] On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[4]

## ANALYSIS

[5-7] This case involves Nelson's statutory right to a speedy trial, which is separate from his constitutional right to a speedy trial.[5] The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). Section 29-1208 provides that a criminal defendant is entitled to absolute discharge if he or she is not brought to trial before the running of time as provided by § 29-1207. Section 29-1207 provides that a defendant shall be brought to trial within 6 months starting from the date the indictment is returned or the information filed, excluding periods of delay falling into any of the exceptions listed in § 29-1207(4)(a) through (f). To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[6] The State bears the burden to show, by a

[1] *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022).

[2] *In re Estate of Anderson*, 311 Neb. 758, 974 N.W.2d 847 (2022).

[3] *Maung Than Htike Aung v. Holder*, 339 Fed. Appx. 839 (9th Cir. 2009). See, *State v. Shannon*, 293 Neb. 303, 876 N.W.2d 907 (2016); *Holloway v. State*, 293 Neb. 12, 875 N.W.2d 435 (2016); *Reinke Mfg. Co. v. Hayes*, 256 Neb. 442, 590 N.W.2d 380 (1999).

[4] *In re Estate of Adelung*, 312 Neb. 647, 980 N.W.2d 415 (2022).

[5] See *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

[6] *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009).

preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[7]

[8] Nelson argues that the speedy trial clock ran during the State's continuance because the State's grounds for seeking the continuance were insufficient to satisfy § 29-1207(4)(c)(i) or (ii) or § 29-1207(4)(f). Nelson also argues that the district court was required to consider and specifically address its prior oral ruling concerning speedy trial before it could determine whether the State's continuance was excluded from the speedy trial calculation under § 29-1207(4). We hold that the district court did not err in finding that the period of the State's continuance of the hearing on Nelson's motion to suppress was excluded because, as a matter of law, § 29-1207(4)(a) dictates the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the reason for the delay of its disposition. We also hold that because a trial court's interlocutory ruling has no preclusive effect on its final judgment on the same issue, the district court had no obligation to consider or specifically address its prior oral ruling when it denied Nelson's motion for discharge.

[9-11] Factual determinations pertaining to the exceptions listed in § 29-1207(4)(a) through (f) must be supported by specific findings, which we review for clear error.[8] However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.[9] Here, the timeline is uncontroverted. Therefore, whether the subject delay is excluded under § 29-1207(4)(a) is a question of law that we determine de novo. Although the district court did not discuss § 29-1207(4)(a), we have an obligation to come to a conclusion independent of the district court

---

[7] *Webb, supra* note 1.

[8] See, *Webb, supra* note 1; *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021); *Williams, supra* note 6.

[9] See *In re Estate of Anderson, supra* note 2. See, also, *Holder, supra* note 3; *Shannon, supra* note 3; *Holloway, supra* note 3; *Hayes, supra* note 3.

concerning its applicability.[10] A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[11]

[12,13] Section 29-1207(4)(a) excludes, in relevant part, "the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence." We have consistently held that the plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition.[12] The excludable period "commences on the day immediately after the filing of a defendant's pretrial motion" and ends at final disposition, which "occurs on the date the motion is granted or denied."[13]

[14] As we noted in *State v. Lafler*,[14] "conspicuously absent from § 29-1207(4)(a) is any limitation, restriction, or qualification of time" that may be charged to the defendant as a result of the defendant's motions. We reasoned in *Lafler* that if the Legislature had intended to limit the scope of § 29-1207(4)(a), it would have inserted limiting phrases such as "reasonable period of delay" in § 29-1207(4)(e) and "good cause" in § 29-1207(4)(f).[15] We thus declined "to rewrite the provisions of § 29-1207(4)(a) to include and require a reasonable time or good cause for delay in disposition of the pretrial matters described or characterized in § 29-1207(4)(a)."[16]

---

[10] *In re Estate of Adelung, supra* note 4.

[11] *State v. Kolbjornsen*, 295 Neb. 231, 888 N.W.2d 153 (2016).

[12] See, *Webb, supra* note 1; *Williams, supra* note 6; *State v. Washington*, 269 Neb. 728, 695 N.W.2d 438 (2005); *State v. Covey*, 267 Neb. 210, 673 N.W.2d 208 (2004).

[13] *Williams, supra* note 6, 277 Neb. at 141, 761 N.W.2d at 522 (internal quotation marks omitted).

[14] *State v. Lafler*, 225 Neb. 362, 371, 405 N.W.2d 576, 583 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

[15] *Lafler, supra* note 14.

[16] *Id.* at 373, 405 N.W.2d at 583-84.

We accordingly held in *State v. Turner*[17] that the period of a continuance of the hearing of the defendant's motions, granted at the request of the State, was automatically excluded under § 29-1207(4)(a). The defendant in *Turner* had filed several motions, including a request for all evidence samples from the prosecution. Before any hearing or disposition on the defendant's motions, the State moved for a continuance on the grounds that the prosecution was waiting on DNA analysis by the Federal Bureau of Investigation on some of the samples. The trial court granted the continuance and found it satisfied § 29-1207(4)(c)(i), because the prosecution was legitimately pursuing evidence and, through no fault of its own, had not yet obtained the analysis of the samples. We agreed on appeal, but noted that more fundamentally, because the State's continuance "occurred during the time that [the defendant's] pretrial motions were still pending," the period of the State's continuance was already excluded from the speedy trial calculation under § 29-1207(4)(a).[18]

Despite our repeated recognition that the plain language of § 29-1207(4)(a) does not limit excludability thereunder based on the reason for the delay, Nelson argues that whenever the record affirmatively demonstrates the period of delay in reaching a final disposition of a defendant's pretrial motion was not attributable to the defendant, the period of delay falls outside of § 29-1207(4)(a). Nelson relies on a statement from *Williams* that "[p]ursuant to § 29-1207(4)(a), it is presumed that a delay in hearing defense pretrial motions is attributable to the defendant unless the record affirmatively indicates otherwise."[19] But we have never applied this presumption to determine whether § 29-1207(4)(a) excluded a period of a continuance of a hearing of a defendant's pretrial motion granted to the State. In *Turner*, this statement was made in relation

---

[17] *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997).

[18] *Id.* at 631, 564 N.W.2d at 238.

[19] *Williams, supra* note 6, 277 Neb. at 141, 761 N.W.2d at 522.

to determining whether delays in hearing the defendant's pretrial motions were due to judicial neglect.[20] We did not apply it later in the opinion when holding that the State's continuance was automatically excluded under § 29-1207(4)(a).[21] Nelson does not claim that any delay in his case was due to judicial neglect or that the reasoning behind this judicial neglect exception applies to continuances granted to the State.

The parties direct us to two decisions by the Nebraska Court of Appeals, *State v. Carrera*[22] and *State v. Fioramonti*,[23] which might suggest an exception to § 29-1207(4)(a) for continuances granted to the State. In *Carrera*, because there was no evidence why the State needed a continuance of the hearing for defendant's motion to suppress, the Court of Appeals gave the defendant the benefit of assuming that the continuance fell outside of § 29-1207(4)(a).[24] The Court of Appeals incorrectly supported its assumption by citing to the presumption from *Turner* discussed above.[25] Moreover, whether the State's continuance should be included was not actually at issue in the case, because the speedy trial clock had not run regardless of whether the State's continuance was included in the calculation.[26] In *Fioramonti*, the Court of Appeals held that the State's continuance from a hearing on a defendant's pretrial motion was excluded under § 29-1207(4)(b), but did not discuss whether the State's continuance was already excluded by § 29-1207(4)(a). In sum, neither of these decisions actually held that there was an exception to § 29-1207(4)(a) for continuances granted to the State. To the extent that they suggest such an exception, they are disapproved.

---

[20] *Turner, supra* note 17.

[21] *Id.*

[22] *State v. Carrera*, 25 Neb. App. 650, 911 N.W.2d 849 (2018).

[23] *State v. Fioramonti*, 22 Neb. App. 52, 847 N.W.2d 95 (2014).

[24] *Carrera, supra* note 22.

[25] *Id.* See *Turner, supra* note 17.

[26] See *Carrera, supra* note 22.

[15] We decline Nelson's invitation to create a general exception to the mandate of § 29-1207(4)(a) for delays in hearing a defendant's pretrial motions due to continuances granted to the State. Accordingly, § 29-1207(4)(a) excludes the entire period from March 9, 2021, when Nelson filed his motion to suppress, to September 2, 2021, when the district court overruled that motion. It is not disputed that the State's 42-day continuance from April 15 to May 27 occurred during this 177-day period. Therefore, we hold as a matter of law that § 29-1207(4)(a) automatically excluded the State's continuance from the speedy trial calculation. Nelson did not claim the district court abused its discretion by granting the State's continuance in the first place, and we give no opinion on the standard by which a trial court may exercise its discretion to grant or deny a motion to continue a hearing on a defendant's pretrial motion.

[16] That the district court allegedly failed to "consider [and] make specific findings"[27] about the original judge's oral ruling has no bearing on our determination that as a matter of law, the entirety of the delay in deciding Nelson's motion to suppress was excludable under § 29-1207(4)(a). Indeed, Nelson is not clear how these alleged errors affect the ultimate question of whether the State's continuance should be excluded from the speedy trial calculation. He appears to suggest that the district court was required to either adopt the original judge's conclusion regardless of its legal correctness or explicitly address the prior ruling before being permitted to deviate from it. We disagree. The power of the trial court to rule on a motion for discharge is not bound in any way by its prior interlocutory rulings.[28]

[17] A court's judgment is not final until "no further action of the court is required to dispose of the cause pending," and "when the cause is retained for further action, it

---

[27] See brief for appellant at 20.

[28] See *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994).

is interlocutory and nonappealable."[29] In *Wicker v. Vogel*,[30] we held that a successor judge was not precluded from sustaining a second motion for new trial simply because a different judge had overruled the first motion for new trial, which set forth the same grounds. We held that claim preclusion did not apply because the trial court's order overruling the first motion was not a final judgment. It was, instead, interlocutory. Therefore, the first order "could have no effect on the second motion."[31]

Here, the original judge's oral ruling had no preclusive effect. It was interlocutory, not final, because further action by the court was required to dispose of the case. Therefore, the original judge's ruling did not preclude the district court from later deciding that the State's continuance should be excluded from the speedy trial calculation.

[18-20] While there is some authority for the proposition that a successor judge should respect a decision made by a predecessor judge on the same case,[32] doing so is a matter of policy rather than a limit on the successor judge's power.[33] As we have explained, "[t]he important consideration is that the ultimate ruling be legally correct."[34] A trial court is not precluded from changing its interlocutory rulings so as to arrive at the correct legal outcome in a later ruling or final judgment.

[21] Nelson argues that even if a trial court is not bound by its prior rulings, our decision in *State v. Williams*[35] requires

---

[29] *Evert v. Srb*, 308 Neb. 895, 899, 957 N.W.2d 475, 479 (2021).

[30] *Wicker, supra* note 28.

[31] *Id.* at 604, 521 N.W.2d at 909.

[32] See, *Wicker, supra* note 28 (citing *United States v. Wheeler*, 256 F.2d 745 (3d Cir. 1958); *TCF Film Corporation v. Gourley*, 240 F.2d 711 (3d Cir. 1957); and *Carmichaels Arbors Associates v. U.S.*, 789 F. Supp. 683 (W.D. Pa. 1992)).

[33] *Wicker, supra* note 28.

[34] *Id.* at 604, 521 N.W.2d at 910.

[35] *Williams, supra* note 6, 277 Neb. at 143, 761 N.W.2d at 524.

"specific findings" about the prior ruling when ruling on a motion for discharge. However, *Williams* only requires specific findings of those facts necessary to facilitate appellate review of the trial court's ultimate speedy trial calculation for a motion for discharge, and findings of fact concerning irrelevant interlocutory rulings do not facilitate such review.

[22,23] In *Williams*, we said that a trial court must make specific findings "in order to facilitate appellate review of all determinations of excludable periods under § 29-1207(4)."[36] Such findings shall include:

> the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.[37]

We require these findings because, without specific findings of the periods of delay included or excluded from the speedy trial calculation, we cannot conduct a proper review.[38] A trial court's determination of whether charges should be dismissed on speedy trial grounds is a factual question, which will be affirmed on appeal unless clearly erroneous, and we cannot review whether the trial court's determination was erroneous without specific findings of fact.[39] Thus, *Williams* only requires a trial court to make specific findings of those facts necessary for an appellate court to review whether the trial court's speedy trial calculation was clearly erroneous.

The district court complied with *Williams* in its order denying Nelson's motion for discharge. It noted that on March 9, 2021, Nelson filed a motion to suppress, and that on April 15, the court granted the State's motion to continue a hearing

---

[36] *Id.*

[37] *Id.* at 143-44, 761 N.W.2d at 524.

[38] *State v. Lintz*, 298 Neb. 103, 902 N.W.2d 683 (2017).

[39] *Id.*

on the motion to suppress until May 27. This gives the dates and natures of the proceedings, circumstances, and rulings relevant to the court's decision that the State's continuance was excludable from the speedy trial calculation. Without any preclusive effect, the district court's prior interlocutory ruling was irrelevant to whether the State's continuance should be excluded from the speedy trial calculation. The district court did not err because it was under no obligation to consider or address an irrelevant matter in its order denying Nelson's motion for discharge.

The parties do not dispute that if the State's continuance is excluded, then the 6-month speedy trial period had not run when Nelson filed his motion for discharge. The State filed an information against Nelson on December 23, 2020, meaning the original last day for the State to bring Nelson to trial was June 22, 2021. Adding the 177 days to June 22 resulted in a trial deadline of December 16. Nelson filed his motion for discharge on November 8, before this deadline had passed. Thus, the district court properly denied Nelson's motion for discharge.

Because the State's continuance was automatically excluded under § 29-1207(4)(a) regardless of good cause, we find it unnecessary to address Nelson's assignment that the district court erred by allowing the State to present evidence that its motion for continuance was for good cause.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order denying Nelson's motion for absolute discharge.

AFFIRMED.