IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WOCHNER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WILLIAM H. WOCHNER, APPELLANT.

Filed March 14, 2023.    No. A-22-435.

Appeal from the District Court for Clay County: MORGAN R. FARQUHAR, Judge. Affirmed.

T. Charles James, of Langvardt, Valle & James, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

William H. Wochner filed a motion for absolute discharge in the district court for Clay County, alleging a violation of his constitutional and statutory right to a speedy trial. The court denied Wochner's motion. On appeal, Wochner challenges only the court's denial of his motion on statutory speedy trial grounds. Finding no error, we affirm.

## STATEMENT OF FACTS

On July 7, 2020, Wochner was charged by information with first degree sexual assault in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016), a Class II felony.

On September 8, 2020, Wochner filed a motion for leave to take deposition, a motion for discovery, and a notice for request for *Brady* material. At a pretrial hearing held the following day, the district court sustained all three of Wochner's motions.

The State filed a discovery response on October 2, 2020. The response listed documents which had been emailed to Wochner's counsel, including a statement Wochner made to the Sutton Police Department and a signed *Miranda* waiver.

On November 24, 2020, Wochner filed a motion to suppress and request for a *Jackson v. Denno* hearing, a motion to inspect the alleged victim's cell phone, and a motion for in-camera inspection of the alleged victim's counseling records.

A hearing on Wochner's motion to suppress was held on December 16, 2020. At the hearing, Wochner moved for a continuance as the State had recently notified Wochner that additional discovery existed and Wochner needed to review this new discovery which "may come into play at the suppression." Wochner also offered an affidavit in support of his motion for an in-camera inspection of relevant counseling records. The district court continued the suppression hearing, entered Wochner's affidavit into evidence, and set a hearing regarding the in-camera inspection for January 6. The district court ordered that the alleged victim's cell phone be produced on January 4, 2021, for Wochner's expert to conduct a forensic evaluation. Wochner's attorney made an oral motion to take depositions of Sutton Police Department officers, and the court granted the motion.

On January 6, 2021, a hearing was held on Wochner's motion for in-camera inspection of the alleged victim's counseling records. The district court took the matter under advisement. On January 22, the court filed a journal entry which ordered the State to determine whether the alleged victim would waive physician-patient privilege and consent to disclose the records. If consent was given, the court would then conduct an in-camera review to determine what, if any, information was material or relevant.

On May 11, 2021, the Clay County Attorney filed a motion to appoint special deputy county attorneys, requesting that the district court appoint the Nebraska Attorney General and his designated assistant attorneys to the case. The court granted the motion the following day and an assistant attorney general filed her substitution as lead counsel of record on May 20.

In a journal entry filed on August 31, 2021, the district court stated that the alleged victim authorized the release of her counseling records on June 7. After reviewing the records, the court found them to be irrelevant or immaterial to the defense and overruled Wochner's motion for inspection of the counseling records.

At a scheduling hearing on September 8, 2021, a discussion on the status of the case occurred. In a journal entry filed on September 10, the district court noted that discovery had been completed and that Wochner's September 24, 2020, motion to suppress was the only motion still pending before the court.

A hearing on Wochner's suppression motion was held on September 22, 2021. The Sutton Police Chief testified that during the initial investigation, Wochner filled out two separate *Miranda* waivers and was interviewed twice on the same day. Wochner's counsel stated that he had received only one of the two interview recordings and one *Miranda* waiver. Wochner made an oral motion to dismiss the case on the basis that the State did not timely provide discovery. Alternatively, Wochner's counsel indicated that if the court did not grant the motion to dismiss, and he was forced to move for a continuance, he would also ask that the time after this hearing not be counted against Wochner for purposes of the speedy trial clock.

The State responded that the Attorney General's Office was appointed after the addendum to its discovery response was filed on November 12, 2020, and the State had believed that both of the interviews were disclosed at that time. The State noted that it would immediately provide Wochner with copies of the missing items. The district court continued the suppression hearing to October 20, 2021, and reserved rulings on Wochner's motions to dismiss and to exclude the time between this hearing and the next hearing for purposes of absolute discharge.

Before the hearing concluded, the State informed the district court that the alleged victim had been hospitalized 2 weeks prior for mental health concerns. The State stipulated to an in-camera inspection of mental health records related to the hospitalization, which could be immediately provided to the court as a records release had already been executed. Wochner argued that the new records were included in his previous motion to inspect and should have been immediately provided to the court for an in-camera inspection. The State disagreed, arguing that Wochner's motion for in-camera inspection specifically referred to mental health records and a mental health counselor, while this stipulation was only for medical records related to the recent hospitalization. The court noted the State's stipulation.

On September 22, 2021, immediately following the suppression hearing, the State filed a certificate of discovery, stating that it provided electronic files containing all police interviews with Wochner, two *Miranda* waivers, Wochner's voluntary statement form, and the Police Chief's interview notes to Wochner's counsel.

The following day, the district court filed a journal entry continuing the hearing on Wochner's motion to suppress and motion to dismiss to October 20, 2021. The journal entry also noted the State's stipulation to an in-camera inspection of medical records related to the alleged victim's hospitalization and granted the motion for in-camera inspection of the records.

At the hearing on October 20, 2021, the district court stated that while it had received the medical records from the alleged victim's recent hospitalization, it had not yet reviewed them. Both parties provided argument regarding Wochner's motion to dismiss and the issue of late discovery. The court took under advisement Wochner's motion to dismiss, the motion to exclude days for absolute discharge, and the motion for inspection of additional mental health records of the alleged victim, pending its review of the records. The court continued the suppression hearing to November 15 in the event the motion to dismiss was overruled.

On November 8, 2021, the district court entered an order overruling Wochner's motion to dismiss and denying Wochner's motion to exclude days for absolute discharge during the pendency of his motions including the motion to suppress. The court also noted that it had completed the in-camera review of the additional mental health records of the alleged victim and found the records to be neither relevant nor material to the defense, thus overruling Wochner's motion for inspection of additional records.

The continued suppression hearing was held on November 15, 2021. The police chief completed his testimony regarding the two interviews he conducted of Wochner. The State entered into evidence the *Miranda* waivers signed by Wochner as well as a copy of his voluntary statement made to police. Wochner entered into evidence the Sutton Police Department's body camera policy and an affidavit for detention on warrantless arrest from the Police Chief. Wochner indicated that he would later be submitting an affidavit from the former county attorney and the district court took the matter under advisement.

On November 24, 2021, the district court entered an order sustaining Wochner's motion to suppress. After reviewing the video footage of Wochner's police interviews, it concluded that Wochner's confession was involuntarily made and should be suppressed.

On November 30, 2021, the State filed a motion to set the case for trial. On December 15, Wochner filed a motion for absolute discharge alleging that his constitutional and statutory right to speedy trial were violated.

A hearing on Wochner's motion for absolute discharge was held on January 19, 2022. The State entered into evidence multiple exhibits of filings throughout the case. The district court also took judicial notice of the case transcript at the State's request. Wochner requested leave to submit a bill of exceptions from the September 8, 2021, September 22, and November 15 hearings. The court granted leave and noted that the hearing would be continued until Wochner had received the bill of exceptions. The district court filed a journal entry on January 26 summarizing the exhibits it had received during the hearing and directing Wochner to notify the State and the court once the bill of exceptions was completed.

The continued hearing on Wochner's motion for absolute discharge was held on March 30, 2022. Wochner entered into evidence the bill of exceptions for the three requested hearings. The State offered two affidavits dated March 8, one from the former county attorney who had filed the case, exhibit 31, and one from the assistant attorney general who was then prosecuting the case, exhibit 32. Wochner objected to specific paragraphs of both affidavits because of references to documents or notes not received into evidence, and on the bases of hearsay and relevancy. The district court noted the objections to exhibits 31 and 32 and took the matter under advisement.

On June 9, 2022, the district court entered an order denying Wochner's motion for absolute discharge. The court overruled Wochner's objections to exhibit 31, but sustained Wochner's objections to exhibit 32. The court observed that the initial speedy trial clock would have run on January 7, 2021. The court performed a calculation of excludable time, attributing 1 day to Wochner's motion for deposition (September 8 to 9, 2020); 302 days to Wochner's motions to inspect, review counseling records in-camera, and suppress (November 24, 2020 to September 22, 2021); and 47 days to Wochner's motion to dismiss, stipulation on in-camera review of hospitalization records, and motion to exclude days for absolute discharge (September 22 to November 8, 2021). The court excluded a total of 350 days under Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016) and found that the State had until December 23 to try Wochner on the charges. The court noted that it was "adopting a more conservative approach" to Wochner's speedy trial calculations, as the court "arguably" could have attributed 365 to Wochner's motion to suppress, including the entire period of November 24, 2020, (when Wochner filed 3 pretrial motions), through November 24, 2021, (when the last motion was disposed of).

The district court also found that Wochner's constitutional right to a speedy trial had not been violated. The court noted that Wochner had filed several pretrial motions which took time to litigate and that delays were not caused by the State deliberately trying to hamper Wochner's defense.

Wochner appeals.

ASSIGNMENT OF ERROR

Wochner asserts, restated, that the district court erred in failing to find that his statutory right to a speedy trial was violated.

STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Webb*, 311 Neb. 694, 974 N.W.2d 317 (2022).

ANALYSIS

The statutory right to a speedy trial is set forth in § 29-1207 and § 29-1208. Under § 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Section 29-1207(2) generally provides that the 6-month period "shall commence to run from the date the indictment is returned or the information filed." Section 29-1207(4) provides for the exclusion of certain periods of delay from the speedy trial calculation. As relevant to the district court's calculations in this case, § 29-1207(4)(a) excludes all time between the time of the filing of a defendant's pretrial motions and their final disposition.

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Blocher*, 307 Neb. 874, 951 N.W.2d 499 (2020). Here, the State filed the information against Wochner in district court on July 7, 2020. Excluding the day the information was filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run initially on January 7, 2021, as the district court calculated.

*Wochner's Motion to Suppress.*

The plain terms of § 29-1207(4)(a) dictates the exclusion of all time between the time of the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay. *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

Wochner agrees with the district court's determination that 1 day was excludable from the speedy trial clock related to his motion to depose, which was filed on September 8, 2020, and granted on September 9. Wochner also agrees with the district court's calculation of 302 excludable days between the filing of his November 24, 2020, suppression motion and the September 22, 2021, suppression hearing. Wochner further attributes 8 days to the period between the November 15, 2021, continued suppression hearing and when the district court granted his motion to suppress on November 23. Wochner has conceded a total of 311 excludable days. However, Wochner challenges the district court's exclusion of time under its "conservative" approach and also argues that exclusion of the entire period between his motion to suppress and the ruling thereon is error. He argues that the State's failure to produce all discovery and the resulting delay should not be attributable to him.

Here, the district court used a conservative approach and did not exclude the entire period that Wochner's motion to suppress was pending; instead recognizing that some delay was caused

by the State's failure to provide certain discovery. However, in *State v. Nelson*, the Nebraska Supreme Court made it clear that there is no exception to the mandate of Neb. Rev. Stat. § 29-1207(4)(a) for delays in hearing a defendant's pretrial motions due to continuances granted to the State. In *Nelson*, the State moved to continue the hearing on the defendant's motion to suppress, as it had not yet received a transcript which was necessary to its preparation for witness testimony. The district court granted the State's continuance and the defendant later moved for absolute discharge. The district court found the period of time attributed to the State's continuance to be excluded from the speedy trial calculations under § 29-1207(4)(c)(i), § 29-1207(4)(c)(ii), and § 29-1207(4)(f), finding the State had exercised due diligence to obtain the transcript but could not due to circumstances beyond its control, and as such was an exceptional circumstance.

On appeal, the Nebraska Supreme Court determined that the period of the State's continuance of the hearing on Nelson's motion to suppress was excluded because, as a matter of law, § 29-1207(4)(a) dictates the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the reason for the delay of its disposition. The Supreme Court made it clear that there is no exception to this mandatory exclusion for any period of delay in ruling on a pretrial motion caused by the State. The Supreme Court noted its reasoning in *State v. Lafler*, that if the Legislature had intended to limit the scope of Neb. Rev. Stat. § 29-1207(4)(a) (Reissue 2016), it would have inserted limiting phrases such as "reasonable period of delay" in § 29-1207(4)(e) and "good cause" in § 29-1207(4)(f). See *State v. Nelson*, *supra, citing State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990).

While the State did not make a motion to continue in the case at issue, Wochner's suppression hearing was delayed due to the State's failure to timely produce all discovery; including a second police interview and second *Miranda* waiver. However, as a matter of law, § 29-1207(4)(a) dictates the exclusion of all time between the filing of Wochner's motion to suppress on November 24, 2020, and the district court's order granting the motion on November 24, 2021, regardless of the reason for the delay. As such, we find that the speedy trial clock was tolled for 365 days due to Wochner's motion to suppress. In its order, the district court did indicate that it could have found this entire period excludable from the speedy trial clock. The ruling in *State v. Nelson, supra*, makes it clear that this is the correct result. Thus, we agree with the district court that the speedy trial clock had not run at the time Wochner filed his motion for absolute discharge.

Because we have determined that the entire time between Wochner's motion to suppress and the order disposing of the motion was excluded from the speedy trial clock, we need not address Wochner's remaining assignments of error regarding other time periods excluded falling within this same time frame and the admission of exhibit 31. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *State v. Brown*, 310 Neb. 318, 965 N.W.2d 388 (2021).

Considering the one excludable day related to Wochner's motion to depose, and the additional 365 days attributable to Wochner's motion to suppress, the total excludable time amounts to 366 days. Wochner's speedy trial clock was tolled from January 7, 2021, to January 10, 2022 (addition of 366 days brought the clock to Saturday, January 8, 2022; time extended to Monday, January 10). See *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981) (applying in

speedy trial computation, Neb. Rev. Stat. § 25-2221, statute concerning effect of weekends and holidays on periods of time in which acts are to be done).

*Speedy Trial Waiver.*

Wochner's December 15, 2021, motion for absolute discharge was filed prior to the expiration of the 6-month speedy trial period. Wochner's statutory right to a speedy trial was not violated, the district court correctly overruled his motion for absolute discharge, and Wochner has waived his statutory right to a speedy trial. A defendant waives his or her statutory right to a speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6–month period. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014) (motion to discharge is considered request for continuance and results in waiver).

## CONCLUSION

We conclude that Wochner's statutory right to a speedy trial was not violated. Accordingly, the district court did not err when it denied Wochner's motion on that basis.

AFFIRMED.