IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANTONIO D. JOHNSON, APPELLANT.

Filed March 28, 2023.    Nos. A-22-515, A-22-516.

Appeals from the District Court for Douglas County: TRESSA M. ALIOTH, Judge. Affirmed.

Ernest H. Addison, Jr., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

In these two cases which have been consolidated on appeal, Antonio D. Johnson appeals the Douglas County District Court's denials of his motions for absolute discharge on the ground that his statutory right to a speedy trial was violated. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On June 4, 2019, in case No. A-22-515 (CR 19-1980), Johnson was charged with attempted kidnapping, a Class IIA felony, and criminal conspiracy to commit first degree sexual assault, a Class II felony. On that same day, in case No. 22-516 (CR 19-1981), Johnson was charged with criminal conspiracy to commit kidnapping and criminal conspiracy to commit first degree sexual assault, both Class II felonies.

- 1 -

A pretrial conference was scheduled for July 23, 2019. The pretrial conference was continued on Johnson's motion to September 17. The pretrial was again continued at Johnson's request, or with his agreement, to October 15, November 12, and December 11.

In the interim, on September 18, 2019, Johnson filed a motion to take depositions. That motion remains pending.

On December 16, 2019, the court granted an oral motion by Johnson to determine competency and ordered a psychiatric examination of Johnson to determine if he was competent to stand trial and whether he was sane at the time of the events that led to the charges. In a February 27, 2020, letter to the court, Dr. Klaus Hartmann, a forensic psychiatrist, opined that Johnson did not have the capacity to stand trial and thus deferred the insanity evaluation. On March 25, based upon Dr. Hartmann's letter, the court found that Johnson was mentally incompetent to stand trial but there was a substantial probability that Johnson would become competent within the foreseeable future.

In an October 16, 2020, letter to the district court, Dr. Kathleen Barrett, a licensed psychologist, opined that Johnson was competent to stand trial. On November 12, the district court ordered that a psychiatric examination of Johnson be completed to determine whether Johnson was sane at the time that the events leading to the charged offenses occurred. This order stated that the "psychiatrist shall provide the results of his/her examination to the Court, which will disseminate them to counsel for the State and [Johnson]."

In a letter to the district court dated March 19, 2021, Sherri Browning, clinical psychologist, opined that Johnson does not meet the criteria for the insanity defense. This report was not distributed to the State and Johnson until the following year in March 2022. On May 19, 2022, the court found that Johnson was competent to stand trial.

On May 20, 2022, Johnson filed an amended motion for absolute discharge which claimed that his statutory and constitutional rights to a speedy trial were violated. Specifically, he contended that the district court received Dr. Barrett's final report on or about March 19, 2021, and that the report was not provided to the parties until March 8, 2022. He further contended that

> these happenings resulted from the State's lack of due diligence and/or the nonfeasance in failing to cause the Report dated, March 19, 2021, to not be published until or on or about March 8, 2022. This failure has violated [Johnson's] right to speedy trial and cannot be justified by good cause. There exists no justification or good cause to toll [Johnson's] right to a speedy trial during this extended period of no action in this case.

The amended motion for absolute discharge did not contain any allegations of judicial neglect in the case and, during the hearing, defense counsel specifically stated that he was amending his motion for absolute discharge because the original motion for discharge referred "to the Court's lack of diligence in publishing the report, and I've amended that to reflect the State's lack of diligence in causing that publication."

The district court denied Johnson's motion for absolute discharge. The court observed that the initial speedy trial clock would have run on December 4, 2019. The court then performed a calculation of excludable time including pretrial hearings, Johnson's motion to determine competency, and his motion to take depositions. The court found that

two scenarios are possible and both result in the speedy clock tolling, at least, until the filing of this Order. The court described the two scenarios as . . . tolled pursuant to Neb. Rev. Stat. § 29-1207(4)(a) or Neb. Rev. Stat. § 29-1207(4)(f). In both situations, the clock either tolled after the December 16, 2019, hearing upon [Johnson's] oral Motion to determine competency until May 18, 2022, upon this Court finding [Johnson] competent or it tolled upon [Johnson's] September 18, 2019, Motion to take Depositions and remains tolled until a final disposition on that Motion.

Under both scenarios, the clock initially ran for 48 days from when the Information was filed until [Johnson's] first Motion to continue was made. For the reasons articulated below, the speedy trial clock has not run since it was first tolled. This leaves 134 days remaining on the speedy trial clock.

Johnson appeals from the district court's order denying his motion for absolute discharge.

## ASSIGNMENT OF ERROR

On appeal, Johnson contends that the district court erred in denying his motions for absolute discharge.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

Under a clearly erroneous standard of review, an appellate court does not reweigh the evidence but considers the judgment in a light most favorable to the successful party, resolving evidentiary conflicts in favor of the successful party, who is entitled to every reasonable inference deducible from the evidence. *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021).

## ANALYSIS

Johnson contends that the district court erred in denying his motions for absolute discharge based on a violation of his statutory right to a speedy trial.

As the Nebraska Supreme Court recently stated in *State v. Nelson*, 313 Neb. at 470-71, 984 N.W.2d at 627:

The statutory right to a speedy trial is set forth in § 29-1207 and Neb. Rev. Stat. § 29-1208 (Reissue 2016). Section 29-1208 provides that a criminal defendant is entitled to absolute discharge if he or she is not brought to trial before the running of time as provided by § 29-1207. Section 29-1207 provides that a defendant shall be brought to trial within 6 months starting from the date the indictment is returned or the information filed, excluding periods of delay falling into any of the exceptions listed in § 29-1207(4)(a) through (f). To calculate the time for speedy trial purposes, a court must exclude the day the information was filed, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried. The State bears the

burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).

. . . .

. . . [a]s a matter of law, § 29-1207(4)(a) dictates the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the reason for the delay of its disposition.

Section 29-1207(4)(a) excludes, in relevant part, "the time from filing until final disposition of pretrial motions of the defendant."

Here, the informations in both cases were filed on June 4, 2019. Excluding the day the informations were filed, counting forward 6 months, and backing up 1 day, the statutory speedy trial clock would have run on December 4, 2019, unless the State proved excludable time periods. In this case, there were numerous excludable time periods to be considered. The first excludable time period relates to Johnson's requests to continue the pretrial hearings from the July 23 pretrial hearing date until the hearing eventually occurred on December 16.

Section 29-1207(4)(a) excludes, in relevant part, "the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence." In *State v. Nelson*, 313 Neb. 464, 472, 984 N.W.2d 620, 628 (2023), the Nebraska Supreme Court stated that "We have consistently held that the plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition." Here, the initial pretrial conference was scheduled for July 23, 2019; however, that same day, Johnson moved to continue the pretrial hearing which request was granted by the district court which continued the pretrial hearing to September 17. Since Johnson requested a continuance of the pretrial hearing on July 23, which request was granted the same day, July 23 is excluded from our speedy trial calculations.

Thus, the period of time from June 5, 2019, which was the day after the filing of the informations, until July 22, which was the date prior to Johnson's first requested continuance of the pretrial hearing, resulted in 48 days running on the speedy trial clock. Thereafter, pursuant to Johnson's request, the scheduled September 17 pretrial hearing was again continued to October 15. During that period of time, Johnson filed a motion to take depositions on September 18, 2019. That motion remains pending.

In short, Johnson's claim here is that, notwithstanding the dictates of § 29-1207(4)(a), the rule should not apply when the State is responsible for delays associated with a court's failure to rule on a defendant's pretrial motion. More specifically, in this case, Johnson argues the State failed to inquire into the status of Browning's opinion governing Johnson's capacity in relation to an insanity defense which resulted in nearly a one- year delay in the proceedings. But, in relation to a similar claim that the State's continuance which delayed the trial court's ruling on a motion to suppress should provide an exception to the general rule, in *State v. Nelson*, 313 Neb. at 475, 984 N.W.2d at 630, the Nebraska Supreme Court explicitly held that "[w]e decline [the defendant's] invitation to create a general exception to the mandate of § 29-1207(4)(a) for delays in hearing a defendant's pretrial motions due to continuances granted to the State." Instead, the Court reiterated:

[T]he plain terms of § 29-1207(4)(a) dictate the exclusion of all time between the filing of a defendant's pretrial motion and the final disposition of such motion, regardless of the promptness or reasonableness of the delay of disposition. The excludable period "commences on the day immediately after the filing of a defendant's pretrial motion" and ends at final disposition, which "occurs on the date the motion is granted or denied."

*State v. Nelson*, 313 Neb. 464, 472, 984 N.W.2d 620, 628 (2023).

Accordingly, because Johnson's trial has been continued due to Johnson's pretrial motions since the initial pretrial hearing date set on July 23, 2019, only 48 days have run on the speedy trial clock. We do not decide the effect of Johnson's other pretrial motions, including his motion to determine competency, in relation to his statutory speedy trial rights and we specifically note that in this case, as in *Nelson, supra*, Johnson did not claim that any delay in his case was due to judicial neglect.

## CONCLUSION

For the reasons stated herein, we affirm the district court's order denying Johnson's motion for absolute discharge.

AFFIRMED.