STATE OF NEBRASKA, APPELLEE, V.
MARVEL JONES, APPELLANT.

305 N.W.2d 355

Filed April 24, 1981.   No. 43664.

Stephen K. Yungblut of Rosenberg & Yungblut for appellant.

Paul L. Douglas, Attorney General, Harold Mosher, and Cheryl Netz for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The defendant, Marvel Jones, appeals from a conviction of first degree sexual assault upon a child. Jones was found guilty by a jury and was sentenced to serve a term of 8 to 12 years in an institution under the jurisdiction of the Department of Correctional Services. The defendant assigns as error that he was not brought to trial within 6 months and therefore was denied his right to a speedy trial. He further assigns as error that his oral and written statements to police officers should have been ruled as inadmissible in that they were not freely and voluntarily given; and that there was no probable cause for the arrest of the defendant at the time of his seizure and therefore the taking of his statement constituted a violation of his fourth amendment rights. We affirm the judgment of the District Court.

The defendant was initially charged in an information filed on July 3, 1979, with the offense of first degree forcible sexual assault. The assault had taken place in the early morning hours of June 15, 1979. The victim, a 14-year-old boy, was walking home that night after visiting a friend and was subjected to forcible oral and anal sexual penetration. The victim described his assailant as a black male, 17 to 19 years of age, 5 feet 9 to 5 feet 10 inches tall, and weighing 140 to 150 pounds. The assailant was clean shaven, had a red bandanna over his head, and his hair was braided in corn rows. After the victim was given a physical examination, he was shown four pictures, including one of the defendant. The victim could not

identify his assailant from one of the pictures. Later on that day the victim was again shown four pictures, including the same picture of the defendant. Again he could not make a positive identification. When asked if any of the men in the pictures had the same build as the assailant, the victim pointed to the picture of the defendant as having a similar build.

On June 16, 1979, shortly before 7 p.m., the defendant was arrested without a warrant and taken to police headquarters for what the police term as investigative purposes. The defendant was advised of his *Miranda* rights and was questioned. He denied any involvement in and knowledge of the sexual assault.

At approximately 8:30 p.m. the same evening the defendant participated in a lineup in which he was positively identified as the assailant by the victim. Later that night the defendant agreed to speak with officers without the aid of or presence of an attorney. He then gave a full written statement of his involvement in the assault and confessed to being the assailant.

The first assignment of error concerns the defendant's right to a speedy trial. The information was filed on July 3, 1979. Neb. Rev. Stat. § 29-1207 (Reissue 1979) requires that a person shall be brought to trial within 6 months of the filing of the information. Subsection (4)(a) and (b) provides, however, that periods of delay resulting from proceedings concerning the defendant, including the filing and pendency of motions to suppress evidence filed by the defendant and continuances requested by or properly chargeable to the defendant, shall be excluded in computing the time for trial. The defendant concedes, and the record supports a conclusion, that the period from July 10, 1979, the date defendant filed two motions to suppress evidence, and July 25, 1979, the date originally set for hearing those motions, a total of 15 days, should be excluded from the computation of the required trial date. Similarly, there is no question

but that November 27, 1979, the date that the defendant filed a motion to suppress a blood test, and the period from November 30, 1979, to December 4, 1979, representing a continuance requested by the defendant, a total in all of 5 days, likewise must be excluded in computing the time for trial. This appears to be a total of 20 days. The State therefore has met its burden of proving by a substantial preponderance of the evidence that at least a 20-day period may be excluded in computing the 6-month trial commencement date. *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

The defendant was brought to trial commencing on January 21, 1980. Although citing no authority to support his position, the defendant asserts that the statutory 6-month period is in fact 180 days, extended by the 20 days' excluded time to 200 days. Therefore, as January 21, the date the trial commenced, was 202 days from the date of filing the information, the State was 2 days over the statutory limitation.

However, the defendant overlooks the plain words of the statute. The requirement is to bring the defendant to trial within 6 months. In *The People v. Gilbert*, 24 Ill. 2d 201, 181 N.E.2d 167 (1962), an argument similar to that of the defendant's was rejected when the court said that a requirement that a defendant be brought to trial within 4 months is satisfied by trial within 4 calendar months and it need not be had within 120 days. Additionally, unless the context shows otherwise, the word "month" has been legislatively defined to mean calendar month. *Ruan Transport Corp. v. Peake, Inc.*, 163 Neb. 319, 79 N.W.2d 575 (1956); Neb. Rev. Stat. § 49-801(13) (Reissue 1978). Finally, we have construed "calendar month" as being a period terminating with the day of the succeeding month, numerically corresponding to the day of its beginning, less one. *Brown v. City of Omaha*, 179 Neb. 224, 137 N.W.2d 814 (1965). However, we must also consider Neb. Rev. Stat. § 25-2221 (Reissue

1979), which provides in part as follows: "Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding, shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run." Therefore, excluding the day of the filing of the information, July 3, 1979, the last day which would still fall within 6 months following would be January 3, 1980. Adding the 20 days of exclusions, the final date for commencement of the trial would have been January 23, 1979. There is no question but that the defendant was brought to trial within the period mandated by the statute. We find no merit to the defendant's first assignment of error.

The second assignment of error is that there was not probable cause to arrest the defendant. Neb. Rev. Stat. § 29-404.02 (Reissue 1979) states that a peace officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed a felony. "In Nebraska, the test of probable cause for a warrantless arrest is whether at the moment the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *State v. Tipton*, 206 Neb. 731, 734-35, 294 N.W.2d 869, 872 (1980).

We have also held that knowledge on the part of law enforcement officers of previous law violations of the suspect is a factor to be considered in establishing probable cause for search or arrest for a similar crime. *State v. Booth*, 202 Neb. 692, 276 N.W.2d 673 (1979).

In this case the arresting officers knew that the defendant had been involved in sexual assaults in the past, that the assaults had occurred in the general area of this incident, and that the prior assaults also

involved young men. The victim had indicated that the defendant had a similar build to his assailant, the defendant was known to have worn a bandanna on his head in the past, and that the victim thought someone had called out to his assailant prior to the assault as "Ma" or "Marv." (Defendant's first name is Marvel.) We believe that the combination of these factors gave the officers probable cause to arrest the defendant. Such probable cause was not negated, as the defendant contends, by the inability of the victim to positively identify the defendant from the pictures shown to him. The arrest was lawful.

The defendant next contends that the confession was not given voluntarily and freely. A review of the record shows to the contrary. The defendant was explained his *Miranda* rights three times during the course of the evening, and all three times waived them. After giving the statements he had the opportunity to read and correct any misstatements. To be admissible, a confession must be free and voluntary and must not be extracted by any sort of threat or violence, nor may it be obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *State v. Irwin*, 191 Neb. 169, 214 N.W.2d 595 (1974). There is no indication in the record of any threat, violence, promise, or improper influence. The officers took great care to safeguard all of the defendant's constitutional guarantees. Again, we find no error committed by the trial court.

The judgment and sentence of the District Court for Lancaster County are correct and are affirmed.

AFFIRMED.