STATE OF NEBRASKA, APPELLEE, V. DAVID CONTRERAS, APPELLANT.
461 N.W.2d 562

Filed October 26, 1990.    No. 90-009.

Edward W. Hasenjager and Martin G. Cahill for appellant.

Robert M. Spire, Attorney General, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Following a consolidated county court bench trial, defendant, David Contreras, was in one case adjudged guilty of second-offense driving while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988), and in the other case of refusing to submit to a breath test, in violation of Neb. Rev. Stat. § 39-669.08 (Reissue 1988). He was thereafter sentenced to pay a $500 fine and to spend 30 days in jail on the driving conviction and on the refusal conviction was sentenced to pay a $200 fine and to spend 7 days in jail, both periods of incarceration to run concurrently. In addition, Contreras' license to operate a motor vehicle was revoked for a period of 365 days on the driving conviction and 180 days on the refusal conviction, the latter period of revocation to run concurrently with the first and each to run from the date of imposition of the jail sentences, July 20, 1989.

These judgments were affirmed by the district court. In this appeal Contreras asserts the district court erred in failing to find that the county court erred on the record in (1) finding the evidence sufficient to support the driving conviction, (2) finding the evidence sufficient to support the refusal conviction, (3) failing to find he had been twice put in jeopardy, and (4) imposing excessive sentences. However, the arguments in Contreras' brief concern themselves with the alleged (1) lack of probable cause for his arrest, (2) inadequacy of the sentencing hearing, (3) error in receiving evidence, and (4) excessiveness of the sentences.

The corollary to the rule that this court does not consider assignments of error not argued in an appellant's brief, *State v. Bradley, ante* p. 371, 461 N.W.2d 524 (1990), and Neb. Ct. R. of Prac. 9D(1)d (rev. 1989), is that arguments not related to the assignments of error are meaningless and are therefore not considered. Consequently, we concern ourselves only with the one assignment of error which is actually argued in Contreras' brief, the claimed excessiveness of the sentences, and ignore the arguments not related to any assigned error.

Contreras urges that as a truckdriver and the sole support of his wife and nine children, he should have been placed on probation rather than be incarcerated. In so arguing, he focuses on Neb. Rev. Stat. § 29-2260(3)(k) (Reissue 1989), which provides that the hardship imprisonment would visit upon an offender's dependents is a factor to be considered in imposing a sentence. He also calls attention to *State v. Stastny*, 227 Neb. 748, 419 N.W.2d 873 (1988), wherein we held, in part, that a sentence of probation was not excessively lenient for one with two dependents who had been adjudged guilty of forgery and writing a "bad check." What Contreras overlooks is that § 29-2260(3)(k) is but one of many factors to be considered, including the risk that during the period of probation, the offender will engage in additional criminal conduct, § 29-2260(2)(a); that a lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for the law, § 29-2260(2)(c); and that the crime was the result of circumstances unlikely to recur, § 29-2260(3)(h). Moreover, the fact that *Stastny* found probation not to be excessively lenient does not mean that imprisonment would have been found to be excessive.

The dispositive rule is that the denial of probation and the imposition of a sentence within statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Pillard*, 235 Neb. 642, 456 N.W.2d 755 (1990).

There is nothing of record which demonstrates that the denial of probation constituted an abuse of discretion. Indeed, the record suggests that Contreras was once placed on probation for a driving while intoxicated conviction. The fact that he was arrested a second time tends to indicate that probation teaches him little or nothing. While it is undoubtedly true that incarceration works a hardship on dependents, it is equally true that one who earns his or her living by driving must be made aware, even more than others, that driving after having consumed excessive amounts of alcohol is prohibited.

The next question is whether the sentences imposed are within the applicable statutory limits. Second-offense driving while under the influence of alcohol is a Class W misdemeanor,

§ 39-669.07(b), mandatorily punishable, in the absence of probation, by incarceration for 30 days and a fine of $500. Neb. Rev. Stat. § 28-106 (Reissue 1989). One convicted of first-offense refusal is also guilty of a Class W misdemeanor, § 39-669.08(4)(a), mandatorily punishable by incarceration for not less than 7 days and a fine of not less than $200. § 28-106. Thus, the fine and period of incarceration for each conviction are within the statutory requirements. However, § 39-669.07(b) requires in addition that the operator's license of one convicted of second-offense driving while under the influence of alcohol be suspended for 1 year. Section 39-669.08(4)(a) requires that the operator's license of one convicted of first-offense refusal be revoked for a period of 6 months.

Although the period from July 21, 1989, through July 20, 1990, consists of 365 days and, thus, the period of revocation specified by the county court for the driving while under the influence conviction happened in this instance to comply with the statutory requirement, it should be noted that some years consist of more than 365 days, e.g., the periods from January 1 through December 31, 1988 and 1992. Moreover, 180 days is not 6 months by any calculation for any year; therefore, the period of revocation specified by the county court for the refusal conviction does not comply with the statutory requirement. See, *State v. Oldfield, ante* p. 433, 461 N.W.2d 554 (1990); *State v. Jones,* 208 Neb. 641, 305 N.W.2d 355 (1981).

Additionally, each of the last aforementioned statutes provides, contrary to the order of the county court, that the periods of revocation "not run concurrently with any jail term imposed."

We therefore affirm in part and in part reverse, and we remand these causes to the district court with the direction that it remand them to the county court for the imposition of proper sentences of suspension. *State v. Mentzer,* 233 Neb. 843, 448 N.W.2d 409 (1989); *State v. Ferrell,* 218 Neb. 463, 356 N.W.2d 868 (1984).

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.

HASTINGS, C.J., participating on briefs.