Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/23/2024 09:15 AM CST

STATE OF NEBRASKA, APPELLEE, V.
MELVIN LEAR, APPELLANT.
___ N.W.2d ___

Filed February 23, 2024.    No. S-23-356.

1. **Judgments: Speedy Trial: Appeal and Error.** Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes.** Statutory interpretation is a question of law.

3. ____. The application of a statute to undisputed facts is a question of law.

4. **Judgments: Appeal and Error.** On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

5. **Speedy Trial.** If a defendant is not brought to trial before the running of the time for trial under Neb. Rev. Stat. § 29-1207 (Reissue 2016), as extended by excluded time periods, the defendant shall be entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.

6. **Speedy Trial: Waiver.** The statutory right to a speedy trial is not unlimited and can be waived.

7. **Speedy Trial: Waiver: Motions for Continuance.** A defendant waives his or her statutory right to a speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory 6-month period.

8. **Statutes.** Statutory interpretation begins with the text, and the text is to be given its plain and ordinary meaning.

9. **Statutes: Appeal and Error.** An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words which are plain, direct, and unambiguous.

10. ____: ____. An appellate court will not read into a statute a meaning that is not there.

11. **Speedy Trial: Waiver: Motions for Continuance.** The waiver provision of Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) applies to a continuance granted at the request of the defendant or his or her counsel, regardless of whether the State joined in the request, when the period of delay resulting from the continuance extends a trial date beyond the statutory 6-month period.

12. **Speedy Trial.** To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

13. **Speedy Trial: Waiver: Motions for Continuance.** To determine if a defendant has permanently waived his or her statutory right to a speedy trial, the inquiry is simply whether the defendant's motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the date of the motion; the reason for and nature of the motion to continue are of no consequence.

14. **Speedy Trial.** Once a defendant has waived his or her statutory right to a speedy trial, an exact calculation of days remaining on the speedy trial clock is no longer required.

15. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

D. Brandon Brinegar, Chief Deputy Buffalo County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ., and KEANE, District Judge.

CASSEL, J.
## INTRODUCTION
The district court overruled Melvin Lear's motion for absolute discharge under the speedy trial statutes,[1] finding Lear had waived his statutory right to a speedy trial. Relying on

---

[1] See Neb. Rev. Stat. §§ 29-1205 to 29-1209 (Reissue 2016).

the language "a continuance granted at the request of the defendant or his or her counsel" in § 29-1207(4)(b), Lear contends that waiver applies only to a continuance granted at the request of the defendant alone—in other words, not a request joined in by the State. Finding no merit to his argument, we affirm.

## BACKGROUND

### Initial Proceedings

On May 17, 2022, the State filed an information charging Lear with a felony offense. Lear pled not guilty.

On May 18, 2022, Lear filed a motion for discovery that the trial court sustained that same day. As relevant here, the court then entered an order scheduling a status hearing for October 11 and a jury trial for October 17.

During the October 11, 2022, status hearing, Lear asked to continue the matter to November 30 in order to conduct additional discovery. The following exchange took place on the record:

THE COURT: . . . What's the status of this matter?

[Defense counsel]: Judge, we are conducting some ongoing discovery. There is a witness who is currently incarcerated with the Department of Corrections that we need to go and speak with and so we're going to ask to continue the matter.

THE COURT: Any objection?

[State's counsel]: No, sir, we're trying to find a commonly free afternoon in the next month to be — to be able to go to Lincoln to talk to this individual. Given [defense counsel's] lone ranger status and the volume in our shop, it's kind of hard to do.

[Defense counsel]: Yes.

THE COURT: All right. So continue the final plea hearing?

[State's counsel]: Yes.

[Defense counsel]: Yes.

. . . .

BAILIFF: This is actually set for jury trial.

[Defense counsel]: Yes.

[State's counsel]: Yes, it was.

BAILIFF: So do you want to reset it for jury?

[State's counsel]: On Monday it was set for jury.

[Defense counsel]: So continue it for a status hearing.

BAILIFF: Okay.

[State's counsel]: Yes.

BAILIFF: Okay let's go November — what'd we say, 30 days?

[State's counsel]: Yeah.

[Defense counsel]: Yeah. So maybe toward the latter half of November.

BAILIFF: November 30th.

[Defense counsel]: That's as latter as it gets.

BAILIFF: Let's go November 30th at 10.

Thus, the court granted the request for a continuance to November 30.

During the November 30, 2022, status hearing, defense counsel informed the court that the State "need[ed] additional time" for discovery and that Lear "d[id]n't object to a continuance." The matter was again continued—this time, to January 27, 2023.

At the outset of the January 27, 2023, status hearing, defense counsel informed the court that the parties had been unable to reach a plea agreement and requested the court schedule the case for trial. The court scheduled a jury trial for March 20 and a final status hearing for March 17.

### MOTION FOR ABSOLUTE DISCHARGE

On March 17, 2023, Lear filed a motion for absolute discharge on statutory speedy trial grounds. The court held a hearing on the motion, during which it took judicial notice of its file and heard argument.

No one disputed that the State was required to try Lear on or before November 17, 2022, unless there were excludable time periods. Lear asserted that 109 days were excludable, including 1 day for his motion for discovery and a total of 108 days for the continuances, which, he said, covered the period from October 11, 2022, through January 27, 2023. According to Lear, the deadline for trial was March 6, 2023—11 days before he filed his motion for absolute discharge. The court took the matter under advisement.

## District Court's Order

The court entered an order overruling Lear's motion for absolute discharge. Although the order set forth specific dates and excludable time periods for purposes of computation, it did not explicitly determine the deadline for trial. Instead, the court found that Lear had permanently waived his statutory right to a speedy trial under *State v. Mortensen*[2]—a prior decision examining § 29-1207(4)(b). The order stated, in pertinent part: "The Court finds that delay resulting from a continuance granted at the request or with the consent of the defendant extends the trial date beyond the statutory six-month period and [Lear] is deemed to have waived his right to speedy trial under section 29 - 1207 (4)(b)." The order referred to "[e]ither or both of the continuances" from October 11 and November 30, 2022.

Having concluded that Lear waived his statutory right to a speedy trial, the court scheduled a jury trial for July 24, 2023.

Lear filed a timely appeal, which we moved to our docket.[3]

## ASSIGNMENT OF ERROR

In his sole assignment of error, Lear asserts that the trial court erred in ruling that he had waived his statutory right to a speedy trial and denying his motion for absolute discharge.

---

[2] *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014).

[3] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2022).

The constitutional right to a speedy trial is not at issue in this interlocutory appeal.

## STANDARD OF REVIEW

[1] Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[4]

[2-4] Statutory interpretation is a question of law.[5] Likewise, the application of a statute to undisputed facts is a question of law.[6] On questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[7]

## ANALYSIS

[5,6] Nebraska's speedy trial statutes provide that if a defendant is not brought to trial before the running of the time for trial under § 29-1207, as extended by excluded time periods, the defendant shall be entitled to absolute discharge from the offense charged and for any other offense required by law to be joined with that offense.[8] But the statutory right to a speedy trial is not unlimited and can be waived.[9] Under certain circumstances, waiver is prescribed by statute.[10]

[7] We agree with the district court that this appeal hinges on whether the waiver provision of § 29-1207(4)(b) applied here. Section 29-1207(4)(b) provides, in part, that a defendant waives his or her statutory right to a speedy trial "when the period of delay resulting from a continuance granted *at the*

---

[4] *State v. Williams*, 313 Neb. 981, 987 N.W.2d 613 (2023).

[5] *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

[6] *Id.*

[7] *State v. Ramirez*, 314 Neb. 419, 990 N.W.2d 550 (2023).

[8] See § 29-1208.

[9] *State v. Riessland*, 310 Neb. 262, 965 N.W.2d 13 (2021).

[10] See §§ 29-1207(4)(b) and 29-1209.

*request of the defendant or his or her counsel* extends the trial date beyond the statutory six-month period." (Emphasis supplied.) Our resolution centers on the meaning of the statutory language.

[8-10] Statutory interpretation begins with the text, and the text is to be given its plain and ordinary meaning.[11] An appellate court will not resort to interpretation of statutory language to ascertain the meaning of words which are plain, direct, and unambiguous.[12] Moreover, an appellate court will not read into a statute a meaning that is not there.[13] With these principles in mind, we turn to Lear's arguments.

### Continuance Granted at Request Joined by State

Focusing on the plain language in the waiver provision of § 29-1207(4)(b), Lear contends that "a continuance granted at the request of the defendant or his or her counsel" refers only to a continuance granted at the request of the defendant alone. Lear argues that the October 11, 2022, continuance was granted at the "joint request"[14] of the parties, and therefore, he asserts, it could not have effectuated a waiver under § 29-1207(4)(b).

The State generally responds that Lear's claim is affirmatively refuted by the record because, it asserts, the October 11, 2022, continuance was "explicitly 'requested' by defense counsel" regardless of whether the State joined in or did not object to the motion.[15] We agree.

[11] As indicated in our prior cases, we will not read into the waiver provision of § 29-1207(4)(b) a meaning that is not

---

[11] *State v. Brennauer*, 314 Neb. 782, 993 N.W.2d 305 (2023).

[12] *State v. Simons*, 315 Neb. 415, 996 N.W.2d 607 (2023).

[13] *State v. Henry*, 292 Neb. 834, 875 N.W.2d 374 (2016).

[14] Brief for appellant at 10.

[15] Brief for appellee at 16.

there.[16] Section 29-1207(4)(b) does not use the word "alone." There is no statutory language limiting "the request of the defendant or his or her counsel"[17] or suggesting that the State joining in the request would somehow control. In the absence of any language to the contrary, we hold that the waiver provision of § 29-1207(4)(b) applies to "a continuance granted at the request of the defendant or his or her counsel," regardless of whether the State joined in the request, when the period of delay resulting from the continuance extends a trial date beyond the statutory 6-month period.

We recognize that the fifth sentence of § 29-1207(4)(b)—at issue here—differs from the first sentence, which excludes time from "a continuance granted at the request *or with the consent* of the defendant or his or her counsel." (Emphasis supplied.) The district court's articulation drew from both sentences. But, here, only the fifth sentence controls.

Having rejected Lear's statutory interpretation argument, we are left with only the application of our holding to the facts of this case. Here, the district court's order found that Lear was deemed to have waived his statutory right to a speedy trial with "[e]ither or both of the continuances" from October 11 and November 30, 2022.

The October 11, 2022, continuance followed from Lear's counsel's request. At that hearing, when asked by the court for a status update, defense counsel responded, "[W]e are conducting some ongoing discovery. There is a witness who is currently incarcerated with the Department of Corrections that we need to go and speak with and so *we're going to ask to continue the matter*." (Emphasis supplied.) The court

---

[16] See, e.g., *State v. Bridgeford*, 298 Neb. 156, 903 N.W.2d 22 (2017), *modified on denial of rehearing* 299 Neb. 22, 907 N.W.2d 15 (2018), and *disapproved on other grounds, State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019); *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017); *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014); *State v. Mortensen, supra* note 2.

[17] § 29-1207(4)(b).

granted the continuance. This is a classic example of "a continuance granted at the request of the defendant or his or her counsel" under § 29-1207(4)(b). Then, the question becomes whether the continuance "extend[ed] the trial date beyond the statutory six-month period."[18]

[12-14] Our settled case law explains how this is determined. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).[19] To determine if a defendant has permanently waived his or her statutory right to a speedy trial, the inquiry is simply whether the defendant's motion to continue resulted in a trial date that exceeded the 6-month period, as calculated with the excludable periods up to the date of the motion; the reason for and nature of the motion to continue are of no consequence.[20] Once a defendant has waived his or her statutory right to a speedy trial, an exact calculation of days remaining on the speedy trial clock is no longer required.[21]

With one immaterial exception, the facts are undisputed. Without excludable days, the trial deadline would have been November 17, 2022 (given an information filed on May 17). Lear maintains that prior to October 11, there had been one excludable day; the State disagrees. Lear admits that a trial had been set for October 17, that the court granted a continuance on October 11, and that that continuance extended the trial date beyond November 18. But Lear disputes the legal significance of the "joint request"[22] for continuance. For reasons we have already explained, we reject that argument.

---

[18] *Id.*

[19] *State v. Abernathy*, 310 Neb. 880, 969 N.W.2d 871 (2022).

[20] *State v. Bridgeford, supra* note 16.

[21] See *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014).

[22] Brief for appellant at 10.

[15] In sum, we conclude that the waiver provision of § 29-1207(4)(b) applied to the October 11, 2022, continuance, and thus, the district court did not err in finding Lear was deemed to have waived his statutory right to a speedy trial under that subsection. In light of our conclusion, we need not address the potential application of the waiver provision to the November 30 continuance. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it.[23]

## CONTINUANCES AS EXCLUDED PERIODS

Lear also argues, relying on a different sentence in § 29-1207(4)(b), that any periods of delay resulting from the October 11 and November 30, 2022, continuances were excluded periods that extended the statutory deadline for trial. Because we have already concluded that the October 11 continuance resulted in a waiver of Lear's statutory right to a speedy trial, we need not consider this argument.

## CONCLUSION

We reject Lear's statutory interpretation argument and conclude that Lear waived his statutory right to a speedy trial under § 29-1207(4)(b). Therefore, we affirm the district court's order overruling his motion for absolute discharge.

AFFIRMED.

FREUDENBERG, J., not participating.

---

[23] *State v. Dap*, 315 Neb. 466, 997 N.W.2d 363 (2023).