Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/25/2025 09:08 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
JACOB EDWARD DOLINAR, APPELLANT.
___ N.W.3d ___

Filed July 25, 2025.    No. S-24-603.

1. **Speedy Trial: Appeal and Error.** When reviewing a trial court's computation of the time a criminal defendant must be brought to trial under Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016), an appellate court reviews the trial court's factual determinations and supporting specific findings pertaining to the exceptions listed in § 29-1207(4)(a) through (f) for clear error. However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.

2. **Judgments: Statutes: Appeal and Error.** When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.

3. **Speedy Trial: Appeal and Error.** "[T]ried again," as used in Neb. Rev. Stat. § 29-1207(3) (Reissue 2016), does not refer to a defendant who has yet to be brought to trial a first time and whose trial has been delayed because of the defendant's interlocutory appeal.

4. **Speedy Trial: Waiver: Motions for Continuance.** Under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016), if a defendant requests a continuance that moves a trial date which has been set within the statutory 6-month period to a date that is outside the 6-month period, that request constitutes a permanent waiver of the statutory speedy trial right.

5. ____: ____: ____. A defendant permanently waives his or her statutory speedy trial rights under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.

6. **Judicial Notice: Records.** Judicial notice of an adjudicative fact is proper when the adjudicative fact is not subject to reasonable dispute

and capable of accurate and ready determination by resort to the files and records of the court.

7. **Judgments: Words and Phrases.** A fact is adjudicative if the fact affects the determination of a controverted issue in litigation.

8. **Speedy Trial: Records: Judicial Notice.** In determining "excludable periods" under Neb. Rev. Stat. § 29-1207 (Reissue 2016), the trial court may take judicial notice of the files and records of the court.

9. ____: ____: ____. When the trial court's files and records provide the information necessary to calculate the speedy trial deadline, the taking of judicial notice is sufficient evidence to support the court's findings as to statutorily excludable periods.

10. **Speedy Trial: Proof.** When a defendant claims that he or she is entitled to absolute discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016), the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

11. **Speedy Trial: Records: Judicial Notice.** In satisfying its burden, even when the files and records of the case are judicially noticed, the State should identify and advise the court of each period of delay it asserts is excludable under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016), including the date and nature of the proceedings, circumstances, or rulings that initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

12. **Speedy Trial: Complaints: Indictments and Informations.** For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the information in district court.

13. **Speedy Trial.** The 6-month period within which an accused is to be brought to trial refers to a period of 6 calendar months, not 180 days.

14. ____. To calculate the time for speedy trial purposes, a court must exclude the day the period commenced, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) to determine the last day the defendant can be tried. The excluded periods are likewise computed by excluding the day of the act, event, or default after which the designated period of time begins to run.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Renee L. Mathias, of Shapiro Riha, L.L.P., for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Bergevin, J.

## INTRODUCTION

Jacob Edward Dolinar appeals from the district court's order overruling his motion to discharge under Neb. Rev. Stat. § 29-1208 (Reissue 2016). Dolinar argues that the State failed to satisfy its burden to show sufficient excludable time periods under Neb. Rev. Stat. § 29-1207 (Reissue 2016) and that he is entitled to an absolute discharge. On the facts of this case, we conclude that the State satisfied its burden and affirm the order of the court.

## BACKGROUND

The State filed a criminal complaint in the county court against Dolinar that alleged he committed various drug charges. The case was bound over to the district court, and the State filed an information against Dolinar on November 16, 2021. Dolinar waived his right to be arraigned and entered a written plea of not guilty, and the case proceeded.

### Interlocutory Appeal

Dolinar later withdrew his plea and filed a plea in bar. The district court overruled his plea in bar. Dolinar appealed. On appeal, we affirmed the order of the district court,[1] issuing our opinion on September 15, 2023. We issued our mandate on October 16, setting forth that the district court "shall, without delay, proceed to enter judgment in conformity" with our judgment and opinion.

---

[1] See *State v. Dolinar*, 315 Neb. 257, 995 N.W.2d 18 (2023).

## On Remand

The district court entered its judgment on the mandate on January 31, 2024, and the case proceeded in the district court. On April 9, after a couple of continuances, Dolinar again pleaded not guilty to the information, and the court set the case for trial to occur on June 24. On June 17, Dolinar filed the instant motion for absolute discharge.

## Motion for Absolute Discharge

At the hearing on Dolinar's motion for discharge, Dolinar introduced, and the court received without objection, (1) a certified copy of the information filed on November 16, 2021; (2) this court's mandate following Dolinar's interlocutory appeal, issued on October 16, 2023; and (3) a certified copy of the district court's judgment on the mandate, entered on January 31, 2024. Dolinar also requested the court "to take judicial notice of all the pleadings and orders" in the case. The court did so.

The State offered no evidence. After Dolinar took issue with the State's submitting argument without introducing any evidence, the State asked the court to "take judicial notice of the pleadings in the file, specifically the Judgment on the Mandate," which was already received into evidence.

The State then argued that the period to bring Dolinar to trial had not run when he filed his motion for absolute discharge on June 17, 2024, because it contended that pursuant to § 29-1207(3), a new statutory 6-month period commenced to run when the district court entered its judgment on the mandate on January 31, following Dolinar's plea in bar. In response, Dolinar argued that the State misread § 29-1207(3) and that it does not apply to interlocutory appeals.

In a written order, the court agreed with Dolinar that § 29-1207(3) did not apply to Dolinar's case. The court then considered the periods of delay resulting from other proceedings concerning Dolinar, which are excluded in the computation of the time for trial pursuant to § 29-1207(4)(a). The

court identified the various proceedings, the dates on which each of those proceedings began and concluded, and the court's calculation of the number of days within each period. The court found that a total of 715 days were excluded under § 29-1207(4)(a) and that those exclusions "extend[ed] the last day for trial beyond" the statutory 6-month period. The court stated, without context, that prior to filing a plea in bar, Dolinar "had already continued the matter outside of the statutory six months." The court found that Dolinar was "deemed to have waived his right to speedy trial pursuant to [§] 29-1207 (4)(b)," because Dolinar's appeal concerning his plea in bar "carr[ied] an implicit request to continue the trial to the extent necessary to resolve [it]," citing *State v. Mortensen*.[2] The court overruled Dolinar's motion for absolute discharge.

Dolinar filed a timely appeal, and we moved this appeal to our docket on our own motion.[3]

## ASSIGNMENT OF ERROR

Dolinar assigns, restated, that the district court erred in denying his motion for absolute discharge under § 29-1208 because the State failed to meet its burden of proof to show sufficient excludable time under § 29-1207.

## STANDARD OF REVIEW

[1,2] When reviewing a trial court's computation of the time a criminal defendant must be brought to trial under §§ 29-1207 and 29-1208, an appellate court reviews the trial court's factual determinations and supporting specific findings pertaining to the exceptions listed in § 29-1207(4)(a) through (f) for clear error.[4] However, the proper interpretation

---

[2] *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014) (filing of motion to discharge deemed to be waiver of speedy trial where resolution results in continuance of timely trial date beyond 6-month period).

[3] See, Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[4] See *State v. Nelson*, 313 Neb. 464, 984 N.W.2d 620 (2023).

of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.[5] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.[6]

## ANALYSIS

Dolinar makes three arguments in support of his assigned error. First, he argues that the State's sole argument that he was not entitled to discharge relied on a misreading of § 29-1207(3). Second, Dolinar argues that the court was incorrect to apply our holding in *Mortensen* concerning a motion for absolute discharge to his plea in bar. Finally, Dolinar's third argument is that after rejecting the State's sole argument concerning § 29-1207(3), the court "assumed the role of the witness in computing the excludable days contained in the transcript"[7] and in finding that he was deemed to have waived his right to a speedy trial under § 29-1207(4)(b).

We discuss each of Dolinar's arguments in turn before determining whether the time to bring him to trial had run on the date he filed his motion for absolute discharge.

## § 29-1207(3)

In its appellate brief, the State did not address the argument advanced below that the 6-month period to bring Dolinar to trial provided by § 29-1207(1) refreshed after his interlocutory appeal and commenced to run from the date of our mandate on remand under § 29-1207(3). However, at oral argument, the State took the position that Dolinar's argument was correct and that § 29-1207(3) was inapplicable in this case. As noted above, the district court agreed with the State's position on appeal. So do we.

---

[5] *Id.*

[6] *Boone River, LLC v. Miles*, 318 Neb. 760, 18 N.W.3d 802 (2025).

[7] Brief for appellant at 9.

[3] Section 29-1207(3) provides: "If a defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, such period shall commence to run from the date of the mistrial, order granting a new trial, or the mandate on remand." As we have previously held:

> [T]he key words in § 29-1207(3) are "tried again." Given their ordinary meaning, they can only refer to a defendant who has previously been put on trial. "[T]ried again," as used in § 29-1207(3), does not refer to a defendant who has yet to be brought to trial a first time and whose trial has been delayed because of the defendant's interlocutory appeal. To conclude otherwise would require us to ignore the plain language of § 29-1207(3). [8]

Because Dolinar has not yet been brought to trial, § 29-1207(3) did not apply to his motion for absolute discharge.

## § 29-1207(4) and *Mortensen*

Dolinar next argues that the district court erroneously applied and extended our decision in *Mortensen* to his plea in bar and determined that he was "deemed to have waived" his right to a speedy trial under § 29-1207(4)(b). The State contends that the district court's application of our holding in *Mortensen* to Dolinar's plea in bar presents an unanswered question of law that we need not address in this case. Based on our review of the record, we agree with the State.

*Mortensen* presented our first opportunity to address the then-recent amendment to § 29-1207(4)(b), specifically the newly enacted waiver provision. [9] The amendment to § 29-1207(4)(b) reads, in pertinent part: "A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." We interpreted this provision and

---

[8]  *State v. Baker*, 264 Neb. 867, 871, 652 N.W.2d 612, 616 (2002).

[9]  See 2010 Neb. Laws, L.B. 712, § 15.

went on to consider whether a motion for absolute discharge was a request for a motion for a continuance as described in the amendment to § 29-1207(4)(b). We noted that the legislative history showed that the amendment was intended to address not only delays caused by traditional continuances, but also delays resulting from the filings of motions to discharge. We concluded that "[a] motion to discharge is a request for a continuance" under § 29-1207(4)(b).[10]

[4,5] In the years since *Mortensen*, we have addressed § 29-1207(4)(b) and its waiver provision a number of times.[11] We have recognized that the word "continuance," as it is used in § 29-1207(4)(b), refers to the circumstance where a court proceeding set for one date is postponed to a future date.[12] Under § 29-1207(4)(b), "'if a defendant requests a continuance that moves *a trial date which has been set within the statutory 6-month period to a date* that is outside the 6-month period, that request constitutes a permanent waiver of the statutory speedy trial right.'"[13] *Mortensen* and its progeny hold that a defendant permanently waives his or her statutory speedy trial rights under § 29-1207(4)(b) when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.[14]

---

[10] *State v. Mortensen, supra* note 2, 287 Neb. at 165, 841 N.W.2d at 400. But see *State v. Baker, supra* note 8 (decided prior to 2010 amendment of § 29-1207(4)(b)).

[11] See, e.g., *State v. Lear*, 316 Neb. 14, 2 N.W.3d 632 (2024); *State v. Miller*, 315 Neb. 951, 2 N.W.3d 345 (2024); *State v. Space*, 312 Neb. 456, 980 N.W.2d 1 (2022); *State v. Riessland*, 310 Neb. 262, 965 N.W.2d 13 (2021); *State v. Gill*, 297 Neb. 852, 901 N.W.2d 679 (2017); *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014).

[12] See *State v. Space, supra* note 11.

[13] *State v. Miller, supra* note 11, 315 Neb. at 973, 2 N.W.3d at 363 (emphasis in original) (quoting *State v. Mortensen, supra* note 2). See, also, *State v. Lear, supra* note 11 (recognizing difference in language between general rule and waiver provision).

[14] *State v. Riessland, supra* note 11. See *State v. Vela-Montes, supra* note 11.

However, we have only applied the waiver provision of § 29-1207(4)(b) to defendants' requests for continuances and motions for absolute discharge, and we have not expressly considered whether all "other proceedings concerning the defendant" under § 29-1207(4)(a) are also subject to the waiver provision of § 29-1207(4)(b).[15] But based on our review of the record in this case, we need not do so here for the reasons set forth below.

## Proof and Evidence of Excludable Periods

Dolinar's final argument is that the trial court improperly considered and calculated excludable time from the judicially noticed files and records of the case. He asserts that the relevant motions and rulings in his case needed to be individually marked and introduced into evidence to be considered. Dolinar asserts that "no evidence was incorporated into the Bill of Exceptions through Judicial Notice"[16] and that the State "should have marked, identified, and made a part of the record the papers requested to be judicially noticed."[17] Citing *In re Estate of Radford*,[18] he contends the court erred when it "did not identify what it considered to be the 'record' by marking and introducing each document that it considered to be relevant and competent."[19] Dolinar's reliance on *In re Estate of Radford* is misplaced, and there is no merit to this argument.

[6,7] Even though we determined that judicial notice was improper in *In re Estate of Radford*, we recognized that judicial notice of an adjudicative fact is proper when the adjudicative

---

[15] Compare *State v. Riessland, supra* note 11, with *State v. Bixby*, 311 Neb. 110, 971 N.W.2d 120 (2022).

[16] Reply brief for appellant at 7.

[17] *Id*. at 8.

[18] *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017).

[19] Reply brief for appellant at 8.

fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to the files and records of the court.[20] A fact is adjudicative if the fact affects the determination of a controverted issue in litigation.[21]

[8] A claimed denial of statutory speedy trial rights involves a relatively simple mathematical computation of whether the 6-month speedy trial clock, as extended by statutorily excludable periods, has expired prior to the commencement of trial.[22]

> [W]hen ruling on a motion for absolute discharge pursuant to § 29-1208, the trial court shall make specific findings of each period of delay excludable under § 29-1207(4)(a) to (e), in addition to the findings under § 29-1207(4)(f) . . . . Such findings shall include the date and nature of the proceedings, circumstances, or rulings which initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.[23]

We have long held that in determining "excludable periods" under § 29-1207, the trial court may take judicial notice of the files and records of the court.[24]

[9] Here, both Dolinar and the State requested that the court take judicial notice of the files and records in this case. The timeline was uncontroverted, and neither party disputed the accuracy of the relevant facts—nor do they on appeal. In

---

[20] See *In re Estate of Radford, supra* note 18. See, also, Neb. Rev. Stat. § 27-201 (Reissue 2016).

[21] *In re Interest of Lilly S. & Vincent S.*, 298 Neb. 306, 903 N.W.2d 651 (2017); *State v. McBride*, 250 Neb. 636, 550 N.W.2d 659 (1996).

[22] See *Dugan v. State*, 297 Neb. 444, 900 N.W.2d 528 (2017).

[23] *State v. Williams*, 277 Neb. 133, 143-44, 761 N.W.2d 514, 524 (2009). See *State v. Nelson, supra* note 4. See, also, *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972) (requiring specific findings of existence of good cause under § 29-1207(4)(f)).

[24] *State v. McKenna*, 228 Neb. 29, 421 N.W.2d 19 (1988).

its order, the court identified the relevant facts from its files and records that it noticed in making its specific findings of the statutorily excluded periods in this case. When the trial court's files and records provide the information necessary to calculate the speedy trial deadline, the taking of judicial notice is sufficient evidence to support the court's findings as to statutorily excludable periods.[25] The court did not err in taking judicial notice of the filings and its orders in this case.

However, we have long recognized that the State has the primary burden of bringing an accused person to trial within the time provided by law.[26] The legislative mandate to do so not only concerns the right of the accused to a speedy trial, but equally important is the interest of the public in the prompt disposition of criminal cases.[27] The Legislature has made it the duty of the county attorney to "advise the court of facts" relevant to the running of the time for trial.[28] This affirmative duty is as absolute as a defendant's entitlement to discharge should the State fail to timely bring him or her to trial.[29]

[10,11] When a defendant claims that he or she is entitled to absolute discharge under § 29-1208, the State bears the burden to show, by a preponderance of the evidence, the applicability of one or more of the excluded time periods under § 29-1207(4).[30] In satisfying its burden, even when the files and records of the case are judicially noticed, the State should identify and advise the court of each period of delay it asserts is excludable under § 29-1207(4), including the date

---

[25] See *id.* See, also, *State v. Nelson, supra* note 4; *State v. Williams, supra* note 23. Cf., *State v. Rashad*, 316 Neb. 101, 3 N.W.3d 325 (2024); *State v. Space, supra* note 11.

[26] See, *State v. Space, supra* note 11; *State v. Alvarez, supra* note 23.

[27] See, Neb. Rev. Stat. § 29-1205 (Reissue 2016); *State v. Alvarez, supra* note 23.

[28] § 29-1205(b). See, also, *State v. Space, supra* note 11.

[29] See § 29-1208.

[30] See, *State v. Nelson, supra* note 4; *State v. Alvarez, supra* note 23.

and nature of the proceedings, circumstances, or rulings that initiated and concluded each excludable period; the number of days composing each excludable period; and the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods.

## Calculation of Time to Be Brought to Trial

Finally, we must determine whether Dolinar is entitled to absolute discharge under § 29-1208. On appeal, Dolinar makes no argument concerning the computation of the time in which he was statutorily required to be brought to trial. For its part, although the State did not do so below, the State argues that Dolinar permanently waived his statutory right to a speedy trial, but on grounds different than those relied upon by the district court. We also note that in its order overruling Dolinar's motion, the court stated, without context, that prior to filing a plea in bar, Dolinar "had already continued the matter outside of the statutory six months."

Factual determinations pertaining to the exceptions listed in § 29-1207(4)(a) through (f) must be supported by specific findings, which we review for clear error.[31] However, the proper interpretation of § 29-1207(4) and its application to the undisputed historical facts of a case are questions of law.[32] Here, the timeline is uncontroverted. Therefore, the computation of the time Dolinar was to be brought to trial is a question of law that we determine de novo.

[12-14] "Every person indicted or informed against for any offense shall be brought to trial within six months."[33] For cases commenced with a complaint in county court but thereafter bound over to district court, the 6-month statutory speedy trial period does not commence until the filing of the

---

[31] *State v. Nelson, supra* note 4.

[32] *Id.*

[33] § 29-1207(1).

information in district court.[34] The 6-month period within which an accused is to be brought to trial refers to a period of 6 calendar months, not 180 days.[35] To calculate the time for speedy trial purposes, a court must exclude the day the period commenced, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4) to determine the last day the defendant can be tried.[36] The excluded periods are likewise computed by "'excluding the day of the act, event, or default after which the designated period of time begins to run.'"[37]

Turning to the record on appeal, the transcript shows the following events relevant to Dolinar's motion:

• The State filed a complaint in the county court on October 25, 2021, and the matter was later bound over to the district court. The State filed the information in the district court on November 16. Under § 29-1207(1), on the date the information was filed, Dolinar must have been brought to trial on or before May 16, 2022.

• Dolinar filed a motion for discovery on January 6, 2022, which the court sustained on January 11, resulting in 5

---

[34] *State v. Hettle*, 288 Neb. 288, 848 N.W.2d 582 (2014).

[35] *State v. Coomes*, 309 Neb. 749, 962 N.W.2d 510 (2021). See, Neb. Rev. Stat. § 49-801 (Reissue 2021); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981).

[36] See, e.g., *State v. Lebeau*, 280 Neb. 238, 784 N.W.2d 921 (2010) (day complaint filed); *State v. Baker, supra* note 8; (day information filed); *State v. Boslau*, 258 Neb. 39, 601 N.W.2d 769 (1999) (day information deemed filed). See, also, Neb. Rev. Stat. § 25-2221 (Cum. Supp. 2024); *State v. Jones, supra* note 35. Cf. *State v. Miller, supra* note 11.

[37] *State v. Jones, supra* note 35, 208 Neb. at 645, 305 N.W.2d at 358 (quoting § 25-2221). See *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990) (formally affirming the *State v. Jones, supra* note 35, method of computing time under § 29-1207). See, also, e.g., *State v. Billingsley*, 309 Neb. 616, 961 N.W.2d 539 (2021) (method applied to § 29-1207(4)(a)); *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019) (method applied to § 29-1207(4)(b)).

excludable days under § 29-1207(4)(a) and extending the time to bring Dolinar to trial to May 21.

• On February 14, 2022, the court set the matter for jury trial on April 4.

• Dolinar filed a motion to continue a pretrial hearing on January 19, 2022, which the court sustained on January 20, resulting in 1 excludable day under § 29-1207(4)(a). The hearing was set for January 21 and continued to February 14, resulting in 24 excludable days under § 29-1207(4)(b). In total, the time to bring Dolinar to trial was extended to June 15.

• Dolinar filed a motion to dismiss on March 24, 2022, which was taken up at the pretrial hearing on March 25, resulting in 1 excludable day under § 29-1207(4)(a) and extending the time to bring Dolinar to trial to June 16. The court entered a written order overruling the motion on April 1, resulting in 7 excludable days under § 29-1207(4)(a) and extending the time to bring Dolinar to trial to June 23.

• A journal entry entered on April 1, 2022, shows that at the March 25 pretrial hearing, Dolinar requested a continuance to allow for further discovery. The journal entry reflects that the court continued the jury trial to June 27.

No further events are relevant to our analysis.

At the time of the March 25, 2022, hearing, the statutory 6-month period required that Dolinar be brought to trial by June 16. At the March 25 pretrial hearing, Dolinar requested a continuance that extended the trial date to June 27—a date beyond June 16. Under § 29-1207(4)(b), Dolinar was deemed to have waived his right to a speedy trial by requesting a continuance that extended the trial date beyond the statutory 6-month period.

Even though the State did not argue below Dolinar's deemed waiver under § 29-1207(4)(b) and the court did not make any specific findings as to the statute's applicability to Dolinar's March 25, 2022, request for a continuance, we have an obligation to come to a conclusion independent of the district court

concerning its applicability.[38] Accordingly, when Dolinar filed his motion for absolute discharge, he had no statutory speedy trial rights to assert, and the district court did not err in overruling it despite its lack of specific findings to support the conclusion that Dolinar had already continued the matter outside of the statutory 6 months prior to filing the plea in bar. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[39]

For completeness, we note that we have long required:

When the district court sets a date for trial, which date is later than the statutory time allowed by section 29-1207 . . . the court shall:

(1) Advise the defendant of his statutory right to a speedy trial and the effect of his [request or] consent to a period of delay, and

(2) Ascertain of record whether the defendant does or does not waive his right to a speedy trial and consent to the trial date set.[40]

The bill of exceptions in our appellate record contains the verbatim transcript of the March 25, 2022, proceeding. It shows that when Dolinar requested a continuance through his counsel, the court proceeded to advise Dolinar that he had a right to have the matter resolved within 6 months after the filing of the information and that if his requested continuance extended the trial date beyond the 6-month period, that right would be waived. The court then asked Dolinar if he agreed to waive his right to a speedy trial, to which Dolinar answered in the affirmative. Upon further questioning, the court expressly found that Dolinar voluntarily waived his statutory right to a speedy trial. It then set the trial date on a date beyond the statutory period.

---

[38] See *State v. Nelson, supra* note 4.

[39] *Id*.

[40] *State v. Alvarez, supra* note 23, 189 Neb. at 293, 202 N.W.2d at 611.

The actions taken by the court in scheduling a trial date fully followed our longstanding requisite procedure. The court ensured Dolinar knew of his right and the consequences of waiving it, that he was intelligent as to the information presented to him and the implications of his decision, and that he was voluntarily waiving his statutory right.

At the hearing on Dolinar's motion for discharge, the State did not introduce any evidence of Dolinar's express waiver or identify any excludable periods. Nevertheless, the judicially noticed files and records of the case show that Dolinar was deemed to have waived his right to a speedy trial under § 29-1207(4)(b) by his request for a continuance on March 25, 2022.

## CONCLUSION

The district court did not err in overruling Dolinar's motion for absolute discharge under § 29-1208 because pursuant to § 29-1207(4)(b), Dolinar was deemed to have waived his right to speedy trial when the period of delay resulting from the continuance granted at his request extended the trial date beyond the statutory 6-month period. We affirm the order of the district court.

Affirmed.